In the Matter of the Claim of ANGELO DE MARONEY, Respondent, against BENNETT JUNIOR COLLEGE et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 12, 1953.

*John E. Knauf* for appellants.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*R. Lewis Townsend* for claimant-respondent.

*Per Curiam.* The claimant was employed as a watchman for a college. On October 7, 1947, he lost his footing and fell on a stairs. The employer retained a physician who treated the claimant; claimant did not stop his usual work. In January, 1948, claimant was treated by another physician, also provided by the employer, who advised him not to do heavy work and who reported to the employer that claimant was able to work and was working.

On September 30, 1948, almost a year after the accident, claimant stopped work. The carrier then began to pay compensation. The claimant had suffered a disability prior to his fall in 1947. On April 12, 1950, the carrier filed a claim for reimbursement from the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law. The claim for reimbursement was filed 131 weeks after the date of the accident; but it was only 80 weeks after the claimant stopped work on September 30, 1948. The board has held that it was filed too late.

We think the claim for reimbursement was filed on time. It must be filed 104 weeks after disability (§ 15, subd. 8, par. [f]). But it is apparent from the whole scheme of the statute that the 104 weeks run only during a period in which compensation is due the claimant. This becomes clear when paragraph (d) is read.

The carrier pays "all" the compensation and medical expenses "in the first instance" and is reimbursed for those "subsequent to those payable" for the first 104 weeks. The ruling under review which fixes "disability" as an injury medically treated for a short period but without causing claimant to stop work and without payment of compensation would permit an employer or carrier to obtain reimbursement for compensation and medical expenses subsequent to 104 weeks after an accident if it filed a claim within that time even though it paid no compensation and furnished medical treatment for a short period. Such an invasion of the Special Fund is not authorized when the statutory language is read in context. The decision should be reversed and the proceeding remitted to the Workmen's Compensation Board, with costs to appellants.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Decision reversed, and claim remitted to the Workmen's Compensation Board for further consideration, with costs to appellants against the board.