In the Matter of the Claim of PETER MASTRODONATO, Respondent, against PFAUDLER Co. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued October 20, 1954; decided December 2, 1954.

*Victor Fiddler, Bernard Katzen* and *George J. Hayes* for appellants. The Appellate Division erred as a matter of law in affirming the board's decision, which denied appellants' request for reimbursement from the special fund for all medical benefits provided beyond the first 104 weeks of established disability. (*Matter of De Maroney* v. *Bennett Junior Coll.,* 282 App. Div. 538; *Matter of Kaplan* v. *Model Iron & Aluminum Corp.,* 279 App. Div. 694; *Matter of Wason* v. *Moyer & Pratt,* 274 App. Div. 313; *Matter of Weil,* 280 App. Div. 100; *Matter of Long* v. *Jerzewski,* 235 App. Div. 441; *Matter of Kennedy,* 151 Misc. 292;

*Matter of River Brand Rice Mills* v. *Latrobe Brewing Co.*, 305 N. Y. 36; *Matter of Cook* v. *New York Central R. R. Co.*, 296 N. Y. 576.)

*Nathaniel L. Goldstein, Attorney-General (Daniel Polansky, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent. Appellants were not entitled to reimbursement for medical expenses on the uncontradicted evidence which established that they had paid less than the minimum of 104 weeks of compensation to the claimant for his disability. Under subdivision 8 of section 15 of the Workmen's Compensation Law, reimbursement is allowed only after the payment by the employer and carrier of compensation for 104 weeks of disability. (*Matter of Marhoffer* v. *Marhoffer*, 220 N. Y. 543; *Matter of Schurick* v. *Bayer Co.*, 272 N. Y. 217; *Matter of De Maroney* v. *Bennett Junior Coll.*, 282 App. Div. 538.)

LEWIS, Ch. J. On this appeal, arising out of a workmen's compensation proceeding, we are concerned only with a claim by the employer and insurance carrier for reimbursement from the Special Disability Fund (Workmen's Compensation Law, § 15, subd. 8, par. [d]).*

The claimant, Peter Mastrodonato, was employed as a '' saw man '' by the Pfaudler Company of Rochester, New York — makers of '' glass enamel lined steel equipment.'' He was injured on August 6, 1945, in an industrial accident when a steel

---

* Workmen's Compensation Law (§ 15, subd. 8, par. [d]) provides as follows: " (d) If an employee of an employer who has secured the payment of compensation as required under the provisions of section fifty of this chapter, who has a total or partial loss or loss of use of one hand, one arm, one foot, one leg or one eye, or who has other permanent physical impairment incurs a subsequent disability by accident arising out of and in the course of his employment or an occupational disease arising therefrom, resulting in a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the subsequent injury or occupational disease alone, the employer or his insurance carrier shall in the first instance pay all awards of compensation and all medical expense provided by this chapter, but such employer or his insurance carrier, except as specifically provided in paragraph (ee) of this subdivision [relating to silicosis], shall be reimbursed from the special disability fund created by this subdivision for all compensation and medical benefits subsequent to those payable for the first one hundred four weeks of disability."

pipe fell from a truck, pulling him down in its descent. The resulting injury to the employee was a herniated invertebral disc in the fifth lumbar region requiring surgery which left him permanently partially disabled.

A compensation award was made for 28 and ⅝ths weeks' disability between August 7, 1945, and February 25, 1946. On the date last mentioned claimant resumed work, but the board has found as a fact that he still "requires medical care and treatment."

Section 15 (subd. 8, par. [d]) of the Workmen's Compensation Law provides — as we have seen — that an employer or his insurance carrier shall be reimbursed from the Special Disability Fund for "all compensation and medical benefits subsequent to those payable for the first one hundred four weeks of disability" in certain cases where claimants have suffered pre-existing permanent physical impairment.

Appellants — the employer and its carrier — filed an application for reimbursement of *medical expenses* — pursuant to that statute — upon the ground that prior to his accident in 1945, claimant — a veteran of World War II — had suffered from battle fatigue due to shell shock. In fact, claimant still receives a Federal disability pension for his war injury. The application for reimbursement was made after 104 weeks had elapsed from the date of the employee's disability — during which time claimant suffered *medical* disability only — although disability *payments* had been made for 28 and ⅝ths weeks of that time. It is not here disputed that claimant is suffering from a permanent physical disability — caused by both injuries — that is "materially and substantially greater" than that which would have resulted solely from the later of the two injuries.

The appeal to this court is pursuant to our leave from a unanimous order of the Appellate Division affirming a decision of the Workmen's Compensation Board denying to appellants reimbursement for claimant's medical care and expenses incurred subsequent to 104 weeks following the injury.

Respondents — the Special Disability Fund and the Workmen's Compensation Board — contend that a claimant must actually receive 104 weeks of compensation, plus medical benefits, before the reimbursement provisions of section 15 (subd. 8, par. [d]) of the Compensation Law become operative.

Appellants contend that the purpose of the statute to provide limited liability to employers of disabled civilians and veterans would be frustrated by respondent's construction thereof. They also argue that the word " disability " in the phrase " subse-quent to * * * one hundred four weeks of disability " in the statute, can mean only medical disability, and that in the present case claimant was medically disabled for more than 104 weeks, even though disability compensation was not paid for that full period because claimant returned to work while still disabled to the extent of requiring medical care.

In affirming the denial of reimbursement for medical expenses incurred after August 6, 1947 (104 weeks after the date of disability) the Appellate Division ruled that: " Paragraph (d) of subdivision 8 of section 15 provides for reimbursement ' for all compensation and medical benefits subsequent to those pay-able for the first one hundred four weeks of disability.' The word ' and ' is not designed to be read as a disjunctive " (283 App. Div. 752, 753). The Appellate Division also cited *Matter of De Marony* v. *Bennett Junior Coll.* (282 App. Div. 538, 539), where it was said: " * * * it is apparent from the whole scheme of the statute that the 104 weeks run only during a period in which compensation is due the claimant.''

Before the enactment of the present statute, a claimant was required to prove the extent to which the second injury resulted in greater disability than would have obtained had there been no previous disability. Award in such case was made only for the number of weeks of disability which would have occurred had there been no prior disability, and the special fund would pay the award for any additional period (L. 1944, ch. 749, repealed by L. 1945, ch. 872).

Apparently recognizing the difficulties of proof required to demonstrate what portion of the disability is attributable to the second injury, the Legislature, by the present statute (L. 1947, ch. 431), has allocated the first 104 weeks of disability to the second injury, and directed that the payment of subse-quent compensation be reimbursed out of the special fund.

The declaration of the Legislature's intent — enacted into the statute as paragraph (a) of subdivision 8 — shows clearly the legislative objective: " * * * *That any plan which will reasonably, equitably and practically operate to break down*

*hindrances and remove obstacles to the employment of partially disabled persons honorably discharged from our armed forces, or any other physically handicapped persons, is of vital importance to the state and its people and is of concern to this legislature;* \* \* \* That it is the considered judgment of this legislature that the system embodied in this subdivision, which makes a logical and equitable adjustment of the liability under the workmen's compensation law which an employer must assume in hiring employees, constitutes a practical and reasonable approach to a solution of the problem for the employment of physically handicapped persons " (emphasis supplied).

In our view, the statutory direction for reimbursement of " all compensation and medical benefits subsequent to those payable for the first one hundred four weeks of disability " does not express a legislative intention that a claimant must have received *both* compensation and medical benefits for 104 weeks, if the carrier is to be reimbursed for further payments of either.

Our conclusion, based upon the Legislature's declaration of policy (quoted *supra*) and other indications of legislative intent, is that where, as here, a veteran, injured during the war, or a disabled nonveteran, suffers thereafter an industrial injury which necessitates medical benefits, the policy of the State is to reimburse the employer or his carrier for the payment of such benefits beyond 104 weeks. Reimbursement may be had under the statute for compensation, if any, beyond 104 weeks, and for medical benefits, if any, beyond 104 weeks, or for either one of those payments. We find no clearly expressed indication in the statute that reimbursement must be had for *both* or for none at all.

In our view, the Legislature intended to relieve employers of the risk of the possible burden of added costs when they hired disabled persons. To require the employer or his carrier to pay the medical expenses of an employee who has suffered industrial injury following prior permanent partial disability would frustrate the purpose of the statute, and would inhibit the employment of disabled persons.

Respondents contend that the term " disability " in the statutory phrase last quoted above must be a reduction in wage-earning capacity, and not simply a medical disability. In *Matter of Schurick* v. *Bayer Co.* (272 N. Y. 217, 220) we said (per

CROUCH, J.), that a disability " is *generally* reflected in wage earning capacity " (my emphasis). It is quite true that " generally " disability is reflected in a diminution of wage-earning ability. However, such is not the case exclusively; it is not the case where disability is reflected in medical care required — as in our present case — for what is now more than a seven-year period. Where an employee is physically impaired as a result of an accident, it is not amiss to refer to such impairment as a disability. Our conclusion is that the term " disability " in the statute here involved refers to medical as well as financial impairment.

The order of the Appellate Division should be reversed, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent with this opinion.

CONWAY, DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Order reversed, etc.