■ In the Matter of the Claim of FREDERICK HENGEL, Respondent, against JOHN FREDERICI & SONS et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent—.

MEMORANDUM BY THE COURT. Appeal by the employer and carrier from a decision and award of the Workmen's Compensation Board which denied reimbursement to appellants from the Special Disability Fund under subdivision 8 of section 15, on the sole ground that a claim for reimbursement was not timely filed.

Claimant suffered an industrial accident on April 15, 1947, and was off work for one week as a result thereof. Thereafter he worked intermittently. The employer had full knowledge of these facts. However, on the earlier hearings disability awards were made, the first award covering a period commencing August 22, 1947. Within 104 weeks after August 22, 1947, on June 22, 1949, appellants filed a claim for reimbursement. Later, at a hearing on May 18, 1954, a referee discovered that no awards had been made for disability earlier than August 22, 1947, and the date of disability was fixed at April 16, 1947. Obviously the claim for reimbursement was filed more than 104 weeks after that date. So far as pertinent here, paragraph

(f) of subdivision 8 of section 15 provides that "claim of the right to such reimbursement shall be filed with the board in writing * * * but in no case more than one hundred four weeks after the date of disability".

Appellants relied before the board and rely here on the case of *Matter of De Maroney* v. *Bennett Junior Coll.* (282 App. Div. 538, 539), wherein this court said "it is apparent from the whole scheme of the statute that the 104 weeks run only during a period in which compensation is due". However, that theory was disapproved in *Matter of Mastrodonato* v. *Pfaudler Co.* (307 N. Y. 592), as we expressly recognized in *Matter of Lambright* v. *St. Luke's Hosp.* (3 A D 2d 613), where the period of limitation had expired before a claim for compensation had been filed and before the carrier knew of the disability. Here there is substantial evidence to support the finding of the board that the date of disability was April 16, 1947, and that the claim for reimbursement was made "more than 104 weeks" thereafter and consequently was not timely under paragraph (f) of the section. If such a result seems unfair because of the delayed determination of the date of disability, the remedy is legislative.

HALPERN, J. (dissenting). I think that the claim for reimbursement was filed in time. The claim was filed before 104 weeks of payments under the Workmen's Compensation Law had been made by the carrier. It appears that the nature of the injury was such that the claimant suffered loss of time and reduction of earnings as a result of the accident, only at intermittent intervals. At the time of the filing of the reimbursement claim, only about 60 weeks of compensation had accrued. Even if the additional fraction of a week of compensation ordered to be paid in 1954 were retroactively added to the weeks of compensation accrued prior to the filing of the reimbursement claim, there would still be less than 104 weeks of compensation payments in all, at the time of filing. The number of weeks during which medical benefits were provided does not appear from the record but there is no contention that medical expenses had been paid for more than 104 weeks at the time of the filing of the claim. The appellants were not entitled to reimbursement for compensation payments until 104 weeks of such payments had been made and they were not entitled to reimbursement for medical benefits until 104 weeks of such benefits had been provided (*Matter of Mastrodonato* v. *Pfaudler Co.*, 307 N. Y. 592). It thus appears that the claim for reimbursement had been filed before any right of reimbursement had accrued.

The procedural provision requiring the filing of a claim for reimbursement within 104 weeks of the date of disability should be construed consistently with the provisions of the statute governing the substantive right of reimbursement and should be read as meaning that the claim must be filed before the expiration of the 104 weeks for which the carrier is to bear the ultimate burden. There is no reason to put the Special Disability Fund on notice until it appears that a right of reimbursement is about to accrue, upon the making of any further payments by the carrier. Reasonably construed, the statute merely requires that the claim for reimbursement must be made at some time before reimbursement is first due (*Matter of De Maroney* v. *Bennett Junior Coll.*, 282 App. Div. 538). This aspect of the holding of the *De Maroney* case was not rejected in the *Mastrodonato* decision. The *Mastrodonato* case held that the compensation disability and the medical disability were to be treated separately and that reimbursement could be had for medical benefits after 104 weeks of such benefits had been provided, even though 104 weeks of compensation payments had not yet been made. Indeed, under a reasonable application of this doctrine, a claim for reimbursement of compensation payments would be timely, if filed prior to the accrual of the

right to reimbursement of such payments, even though the claim for reimbursement of medical benefits had not been filed in time. However, we need not go that far in this case since, so far as appears, there had not been a payment of either 104 weeks of compensation or 104 weeks of medical benefits at the time of the filing of the claim.

The provisions of the second paragraph of paragraph (f) of subdivision 8 of section 15 support the construction here given of the filing requirement contained in the first paragraph. It is provided in the second paragraph that, in certain cases, the Special Fund is to pay compensation and medical expenses directly, after the first 104 weeks, without any preliminary demand or notice by anyone. This demonstrates that the filing requirement does not rest upon any substantive policy but that it is simply a matter of mechanics, to put the Special Fund on notice of the imminent shifting of the ultimate burden from the carrier to the Special Fund. As has already been pointed out, there is no reason for the giving of such a notice until the substantive right of reimbursement is about to accrue.

Furthermore, even if the statute is construed as arbitrarily requiring that the claim be filed within 104 calendar weeks of the date of "disability" (regardless of the fact that fewer than 104 weekly payments of compensation had been made), the claim for reimbursement was filed in time, at least with respect to the reimbursement of compensation payments. Since the claim has been rejected *in toto*, we need consider here only whether any part of it can be upheld. We are concerned here only with the claim for reimbursement for compensation payments and not for medical benefits. Treating reimbursement of compensation payments and reimbursement of medical payments separately, as required by the *Mastrodonato* case, "date of disability", so far as reimbursement of compensation payments is concerned, means the earliest date when there was a loss or reduction of wage-earning capacity. The first award of compensation covered a period commencing August 22, 1947, and awards were made from time to time thereafter covering intermittent periods of lost or reduced earnings. On June 22, 1949, well within 104 weeks after the date of disability (insofar as it was reflected in loss of earnings), as fixed by the board, the appellants filed a claim for reimbursement. Almost five years later, on May 18, 1954, a referee going over the file discovered that the claimant had been away from work as a result of the accident from April 16, 1947, to April 21, 1947, and that no award had been made for that period. He thereupon moved back the date of compensation disability from August 22, 1947, to April 16, 1947, and made an award for the period of three fifths of a week from April 16, 1947, to April 21, 1947.

Because the notice of claim for reimbursement had been filed more than 104 weeks after the newly fixed date of compensation disability, the board held that the claim had been filed too late. As has been noted, the claim had been filed within two years of the date of the commencement of compensation disability, as then fixed by the board. It was only by retroactive calculation, after the board had fixed a new and earlier date of disability, that the claim could be said to have been filed too late. The new date was fixed in 1954 at a time when it was obviously too late to file a claim within 104 weeks of the newly fixed date. In that situation, the appellants were entitled to a reasonable time after the making of the order fixing the new date, within which to file a new claim for reimbursement to the extent to which a new claim might be necessary. The situation is analogous to that of a legislative enactment shortening the period prescribed by the Statute of Limitations to a period which had already run with respect to existing causes of action not

barred under the pre-existing Statute of Limitations. In this situation, the Legislature must allow a reasonable time after the taking effect of the new statute for the commencement of actions upon existing causes of action; if such a time is not allowed, the statute is unconstitutional as to existing causes of action (*Gilbert* v. *Ackerman*, 159 N. Y. 118).

In this case, a claim for reimbursement had been filed in due time, measured from the date originally fixed. Its validity could not be affected by an order pushing back the date of disability. Upon the redetermination of the date of disability *nunc pro tunc*, the claim must also be deemed to have been filed at a correspondingly earlier time *nunc pro tunc*. Since the claim filed was stated in general terms, there was no need to file a new or additional claim; the claim as filed was broad enough to cover any additional weeks of disability which might become the subject of reimbursement by reason of the fixing of the new and earlier date of disability.

The conclusion here reached is consistent with the provision of the statute that "in the event of the reopening of a case theretofore closed" the claim for reimbursement may be filed at any time prior to the determination upon the reopening (*Matter of Kline* v. *American Locomotive Co.*, 280 App. Div. 1003). The making of an award in 1954 for a period of disability seven years earlier, from April 16 to April 21, 1947, was analogous to a reopening of the case. The claim for reimbursement had, of course, been filed prior to the determination upon the reopening.

The decision of the Workmen's Compensation Board should be reversed and the timeliness of the filing of the claim for reimbursement should be upheld.

Foster, P. J., Bergan, Coon and Gibson, JJ., concur in Memorandum by the Court; Halpern, J., dissents in opinion.

Decision and award affirmed, with costs to respondent Special Disability Fund.