■ In the Matter of the Claim of THOMAS E. HASTINGS, Respondent, against HUGH T. BECKWITH, INC., et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board taken by the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law upon the ground that the board erred in directing reimbursement from such fund for all compensation payable after 104 weeks from the first day of disability when the carrier had actually paid but six weeks' compensation during that period. The board's decision that the carrier be relieved, although it had paid less than 104 weeks' compensation, was upon the ground that claimant had been "under continuous medical treatment, supervision or observation" for more than 104 weeks. The issue must be resolved upon the construction of that portion of paragraph (d) of said subdivision 8 which provides that, in a case within that paragraph, as this concededly is, the carrier "shall be reimbursed from the special disability fund created by this subdivision for all compensation and medical benefits subsequent to those payable for the first one hundred four weeks of disability." The employer and carrier rely solely upon *Matter of Mastrodonato* v. *Pfaudler Co.* (307 N. Y. 592, 595), which held that the carrier must be reimbursed for medical expenses "after 104 weeks had elapsed from the date of the employee's disability—during which time claimant suffered *medical* disability only—although disability payments had been made for 28 and 5/6ths weeks of the time." (Emphasis in original.) In the *Mastrodonato* case, this court had affirmed a board decision denying reimbursement and had said that in the provision for reimbursement "for all compensation and medical benefits subsequent to those payable for the first one hundred and four weeks of disability", the word "and" was not to be read as a disjunctive and then cited *Matter of De Marony* v. *Bennett Junior Coll.* (282 App. Div. 538, 539) where it had been held that the 104 weeks run "only during a period in which compensation is due the claimant." In reversing, the Court of Appeals (p. 597) disapproved the theory that the word "and" was not to be given a disjunctive meaning, holding that "the statutory direction for reimbursement * * * does not express a legislative intention that a claimant must have received *both* compensation and medical benefits for 104 weeks, if the carrier is to be reimbursed for further payments of either." (Emphasis in original.) It was said, further, that "Reimbursement may be had under the statute for compensation, if any, beyond 104 weeks, and for medical benefits, if any, beyond 104 weeks, or for either one of those payments." Construing "disability", as the word last appears in subdivision (d) the court equated it to "impairment" and then distinguished between financial impairment, for which compensation would have to be paid, and medical impairment, which might exist although no wages be lost and no compensation be paid. The determination that reimbursement should be had in the *Mastrodonato* case seems to us to have been predicated upon the finding that medical impair-

ment had been continuous for 104 weeks and not upon a conclusion that subdivision (d) requires reimbursement, in any event, after 104 calendar weeks from the date of disability. Had such a conclusion been the determinative factor, it would doubtless have been so stated and made applicable to both types of impairment and the distinctions in the opinion repeatedly made between the two types of benefits would have been unnecessary as would have been the consideration of 104 weeks medical disability as contrasted with but 28 and 5/6ths weeks of "financial impairment." We consider, therefore, that, in view of the recognized separability of the provisions, the statute remains susceptible of the construction, which we deem the proper one, that the carrier may be reimbursed for medical benefits paid after 104 weeks of "medical impairment", and for compensation paid after 104 weeks of "financial impairment", the payment of 104 weeks of compensation being the obvious and necessary test of the latter under the *Mastrodonato* case. Medical benefits, varying with every disability, cannot well be expressed in terms of weekly payments in dollars over the period, unless in the extreme case of medical expense incurred daily in each of 104 successive weeks. Thus, the term "medical benefits" payable for the first 104 weeks of disability seems necessarily to have been considered as constituting expenses, whenever and however infrequently incurred, for medical disability or "impairment" existing for that period. Compensation benefits, clearly held separable from medical benefits, as respects the accrual of the right to reimbursement, are most readily defined in terms of weekly payments and we believe that such is the intent of the statute. That was clearly the effect of the predecessor statute (L. 1944, ch. 749, repealed by L. 1945, ch. 872) which required an award against the employer and carrier, if any, "for the number of weeks only prescribed in this chapter for the disability resulting from the subsequent injury as if there had been no previous disability" and directed awards against the Special Fund for any period of disability thereafter. As to the present statute, the court, in the *Mastrodonato* case (*supra*, p. 596), said: "Apparently recognizing the difficulties of proof required to demonstrate what portion of the disability is attributable to the second injury, the Legislature, by the present statute (L. 1947, ch. 431), has allocated the first 104 weeks of disability to the second injury, and directed that the payment of subsequent compensation be reimbursed out of the special fund." It does not seem to us that by thus overcoming the difficulties of apportionment, the Legislature intended, in addition, to decrease the monetary liability of carriers in cases such as this and to cast a greater burden upon the Special Fund. More reasonable, in our view, is the conclusion that in continuing the policy that the cost of compensation paid a physically handicapped employee should be borne in a relatively small proportion by the employer or his carrier and the Special Fund invaded for the remainder, the moving consideration was, as theretofore, a monetary one and not a limitation in point of time. Had the latter purpose motivated the amendment it would have been logical to employ the language used in paragraph (f), enacted at the same time (L. 1945, ch. 872), which conditions reimbursement upon the filing of claim therefor "in no case more than one hundred four weeks after the *date of disability or death*" (emphasis supplied) and thus provide that the 104 weeks' period prescribed by paragraph (d) and that imposed by paragraph (f) should coincide, as the employer and carrier here contend was the legislative intent. A variance in the times of commencement and termination of the respective 104 weeks' periods is in no way prejudicial to employer or carrier. There seems nothing in the statute to prevent the prompt filing of a claim for reimbursement in any (or every) case of a

subsequent injury. The possible prolongation of a potential liability for an indefinite period is sufficiently common in the business of insurance as to seem a not unreasonable necessity and risk and one always calculable, at least on the basis of maximum rate. The respondent, State Insurance Fund, challenges the right of the appellant fund to appeal in this or any case. The contention is refuted by the clear language of paragraph (i) of subdivision 8 of section 15. Decision and award reversed and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellant against respondents employer and carrier. Foster, P. J., Coon and Gibson, JJ., concur; Halpern, J., concurs in the result.