■ In the Matter of the Claim of HENRY ZALSKY, Respondent, v. INTER-COUNTY FARMERS COOPERATIVE ASSOCIATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board which, upon finding late filing of notice of controversy, imposed the penalty fixed by the Workmen's Compensation Law (§ 25, subd. 2, par. [a]) which requires that: "In case the employer decides to controvert the right to compensation he shall, either on or before the eighteenth day after disability or within ten days after he has knowledge of the alleged accident, whichever period is the greater, file a notice * * * that compensation is not being

paid, giving * * * the reason why compensation is not being paid"; and further provides that in case of noncompliance "the board may, after a hearing, impose a penalty in the amount of twenty-five dollars". The board found that carrier decided to controvert claimant's right to compensation for an injury to his arm sustained November 30, 1964, concerning which the employer on December 3, 1964 filed a report of injury indicating that medical care had been furnished on the day of the accident (and, although not shown by this report, medical treatment was later repeated) and that claimant had lost no time from work, but that carrier failed to file notice of controversy until January 18, 1965. Although at that time carrier apparently interpreted subdivision 2 as requiring it to file, it now contends that the statutory period ending "the eighteenth day after disability" had not run, or, indeed, commenced to run, because, according to its argument, no "disability" had been or could be incurred until there should be lost time or reduced earnings, entitling claimant to payment of cash compensation; assurance of the prompt payment thereof being, in carrier's view, the sole purpose of the provision. This argument overlooks the equally compelling mandate to "promptly provide" and to pay for medical and like expenses (Workmen's Compensation Law, § 13, subd. [a]) and gives no consideration to the possibility of a medical "disability" without loss of time or wages, although conditions of that nature, involving substantial medical expense with no wage loss, occasionally occur, as the reported cases indicate. Medical disability or medical impairment existing without disability from earning full wages has been recognized and given effect under other provisions of the Workmen's Compensation Law. (See *Matter of Mastrodonato* v. *Pfaudler Co.*, 307 N. Y. 592; *Matter of Yuras* v. *Union Table & Spring Co.*, 279 App. Div. 679; 2 Larson, Workmen's Compensation Law, §§ 57.10, 57.31; 99 C. J. S., Workmen's Compensation, § 296, pp. 1034–1035.) The statute before us is broad enough to accommodate both concepts of disability; and reason, as well as the liberal intendment of the workmen's compensation act generally, requires that it be thus construed. Appellants place some reliance upon *Matter of Malinchock* v. *Excelum Aluminum Prods.* (26 A D 2d 723), but there the carrier controverted nothing. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, Reynolds and Staley, Jr., JJ., concur with Gibson, P. J.