ELAINE SCHEMPP, as Administratrix of the Estate of JOHN T. SCHEMPP, Deceased, Respondent-Appellant, *v.* CITY OF NEW YORK, Respondent. SPECIAL DISABILITY FUND, Appellant. LIBERTY MUTUAL INSURANCE COMPANY, Respondent.

First Department, May 28, 1968.

*Gilbert Siegal* of counsel (*Harry Merwin* with him on the brief; *Garrell & Garrell,* attorneys), for respondent-appellant.

*John M. Cullen* of counsel for Special Disability Fund, appellant.

*Albert P. Thill* for Liberty Mutual Insurance Company, respondent.

McNALLY, J. The questions presented by this appeal are (1) whether the judgment herein arose out of a third-party action within the meaning of section 29 of the Workmen's Compensation Law, and (2) the lien, if any, of the Special Disability Fund, established under subdivision 8 of section 15 of the said statute.

Decedent was employed by United Parcel Service as a driver's helper. On October 3, 1958 decedent's truck stalled. Decedent pushed the stalled truck. An acute myocardial infarction fol-

lowed. He died October 4, 1958 at a hospital of the defendant City of New York. Plaintiff instituted this action for wrongful death against the City of New York, alleging decedent's death was caused by negligence in his care and treatment. Plaintiff ultimately recovered a judgment in the sum of $41,434.57 entered April 27, 1966.

The Workmen's Compensation Board on May 21, 1959 made a death benefit award to decedent's widow, the plaintiff, and his three children against decedent's employer and its insurance carrier, Liberty Mutual Insurance Company. Said award was modified June 5, 1962 to provide that the insurance carrier was entitled to reimbursement from the Special Disability Fund for all benefits beyond 104 weeks, under the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law.

Subdivision 8 declares the legislative policy to remove obstacles to the employment of partially disabled or physically handicapped persons. Paragraph (e) provides in case of death resulting from an accident arising out of and in the course of employment, if it be determined that the death would not have occurred except for such pre-existing permanent physical impairment, the employee or his insurance carrier " shall be reimbursed from the special disability fund created by this subdivision for all death benefits payable in excess of one hundred four weeks. " Implicit in the modified award of June 5, 1962 of the Workmen's Compensation Board is the finding that decedent's death would not have occurred except for a pre-existing permanent physical impairment.

Liberty Mutual, the insurance carrier, paid the sum of $5,080 benefits for 104 weeks and, in addition, benefits in the amount of $12,870, for which latter sum Special Disability Fund has reimbursed Liberty Mutual. The order appealed from provides for payment to Liberty Mutual of $5,080, but makes no provision for reimbursement of the sum paid by Special Disability Fund.

The recovery herein is within the ambit of section 29 of the Workmen's Compensation Law. (*Matter of Parchefsky* v. *Kroll Bros.*, 267 N. Y. 410; *Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367.) The entire court holds the lien of Liberty Mutual is valid. Plaintiff, however, contends Special Disability Fund is not a lienor within subdivision 1 of section 29 of the Workmen's Compensation Law. *Matter of Dougherty* v. *Quackenbush Co.* (10 A D 2d 125); *Matter of Constant* v. *Constant Spray Painting Co.* (10 A D 2d 750) and *Matter of Bowdring* v. *Superior House & Window Cleaning* (10 A D 2d 751), cited by plaintiff, decided issues between the carrier and the Fund; they

did not involve the lien or subrogation rights vis-a-vis the claimant and the Fund.

Section 29 enables an employee, or his dependents in case of his death, to take compensation or benefits under the act and prosecute a third-party action. '' In such case, the state insurance fund, if compensation be payable therefrom, and otherwise the person, association, corporation or insurance carrier liable for the payment of such compensation, as the case may be, shall have a lien on the proceeds of any recovery from such other * * * to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case * * * and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation or carrier.''

Plaintiff argues, and we agree, that the section 29 lien is limited to the one '' liable for the payment ''.

Subdivision 8 of section 15 was first enacted in 1944 (L. 1944, ch. 749). Its relevant provision then was: '' (2) If the subsequent injury resulting from an accidental injury or occupational disease shall result in the death of the employee and it shall be determined that either the injury or death would not have occurred except for the pre-existing disability, the employer shall be liable * * * for the death benefits provided in section sixteen of this chapter for the period of one hundred and four weeks, *and such special fund shall be liable for the death benefits thereafter.*'' (Emphasis supplied.)

Chapter 749 of the Laws of 1944 also made provision for compensation for a disabling occupational injury aggravating a prior disability not connected with the employment. In such case a dual award was to be made — against the employer or his carrier for the employment-connected disability, disregarding the prior disability, and against the Special Fund for any additional disability. The provision for an award relative to employment-connected disability aggravating a prior non-employment disability gave rise to medical controversies and delays in benefit payments. The report of the Vice Chairman of the Industrial Board submitted to Governor Dewey on January 22, 1945 stated in part (1945 Public Papers of Thomas E. Dewey, pp. 30, 32): '' Controversy in workmen's compensation claims is probably the most important factor in delaying benefit payments. Of course, controversy can never be wholly eliminated * * * The new second-injury legislation, intended to stimulate the employment of war veterans and other physically handicapped workers, calls for allocation of each award as between the employer and the Special Fund, and

this allocation is dependent on the medical evidence in each case in which the second-injury is established."

Chapter 872 of the Laws of 1945 presumably is responsive to the medical controversies and benefit delays adverted to in the said report to Governor Dewey. "Apparently recognizing the difficulties of proof required to demonstrate what portion of the disability is attributable to the second injury, the Legislature, by the present statute (L. 1947, ch. 431), has allocated the first 104 weeks of disability to the second injury, and directed that the payment of subsequent compensation be reimbursed out of the special fund." (*Matter of Mastrodonato* v. *Pfaudler Co.*, 307 N. Y. 592, 596.)

The present subdivision 8 provides generally that in second-injury cases, awards in excess of 104 weeks shall be paid from the Special Disability Fund. In so providing, the Legislature did not follow the language of the 1944 statute. The 1945 statute provides the "insurance carrier shall be reimbursed from the special disability fund created by this subdivision for all death benefits payable in excess of one hundred four weeks." Thereon, plaintiff mounts her claim that the Fund has no lien because it is not "liable" for the payment within the meaning of section 29.

Our examination of the legislative history of section 15 satisfies us that it was the legislative intent in second-injury claims to avoid extended medical controversies and delays in benefits resulting from the 1944 requirement of a dual award based on the ascertainment of disability unaffected by the prior nonemployment injury. We find no legislative intent to dispense with the lien basis afforded by the 1944 statute insofar as it unambiguously provided as to death benefits after 104 weeks that the Special Fund " shall be liable for the death benefits thereafter ".

Analysis of subdivision 8 of section 15 in its entirety confirms the legislative purpose to impose absolute liability on the Special Fund as to the benefits exceeding 104 weeks. Paragraph (f) thereof provides, in part: " Whenever for any reason payments are not made by the employer or his insurance carrier at any time after the payments have been made for the first one hundred four weeks, the payments of subsequent compensation and medical expenses shall be made out of the special disability fund ".

The origin and development of workmen's compensation clearly establish the purpose to afford the employee or his beneficiaries the option of disability benefits without the need to establish common-law negligence, or the avails of a common-law action, but in no event in excess of the larger of the two. (*Matter*

of *Zirpola* v. *Casselman, Inc., supra,* pp. 372–373; *Matter of Parchefsky* v. *Kroll Bros., supra,* pp. 414, 415; *Matter of Curtin* v. *City of New York,* 287 N. Y. 338, 342–343; *Matter of Petterson* v. *Daystrom Corp.,* 17 N Y 2d 32, 39.) Plaintiff may not retain the proceeds of this action without reimbursing the Special Disability Fund for the death benefits heretofore paid.

*Matter of Petterson* v. *Daystrom Corp.* (*supra*) involved the construction of subdivision 1 of section 29 of the Workmen's Compensation Law. The carrier sought the application of the proceeds of a third-party death action successfully prosecuted against a coemployee of the deceased employee in the United States District Court for the District of Connecticut. Connecticut law permits a suit against a fellow servant. Subdivision 1 of section 29 of the Workmen's Compensation Law literally limits reimbursement to the carrier out of the proceeds of the recovery against another " not in the same employ ". Nevertheless, the Court of Appeals (FULD, J.) said (p. 39): " To construe the words strictly and literally, without regard to the purpose sought to be achieved by the provision, would bar the carrier from obtaining any credit * *. *. Such an unreal result would subvert the unmistakable statutory scheme. Section 29, read in its entirety and in context, clearly reveals a legislative design to provide for reimbursement of the compensation carrier whenever a recovery is obtained in tort for the same injury that was a predicate for the payment of compensation benefits. * * * the Legislature did not intend to provide, nor are the decedent's survivors entitled to receive, full compensation benefits undiminished by the amount of a recovery at law.''

The order appealed from should be modified, on the law, to provide for payment to the Special Disability Fund of the sum of $12,870 prior to distribution of the recovery to the decedent's distributees, and, as so modified, affirmed, without costs and without disbursements.

EAGER, J. (dissenting). I would affirm. Neither the law, statutory or decisional, nor equitable considerations confer upon the Special Disability Fund the right to a lien which would reduce the wrongful death recovery awarded for the benefit of the widow and children.

The provisions of subdivision 1 of section 29 of the Workmen's Compensation Law, as written, do not provide for a lien for the payments made and to be made from the Special Disability Fund. A statutory lien extends solely in favor of a person or insurance carrier " liable for the payment of " the workmen's compensation benefits awarded to the plaintiff herein. The

Special Disability Fund is not so liable; it is liable only for the reimbursement of the insurance carrier for compensation benefits paid by it after the expiration of 104 weeks. (Workmen's Compensation Law, § 15, subd. 8, par. [e].) Furthermore, the measure of the wrongful death recovery for the benefit of the widow and children is expressly fixed by statute (see Decedent Estate Law, § 132) and such recovery may not be diminished by broadening the unambiguous terms of subdivision 1 of section 29.

It is true that, on the basis of the record, the pre-existing heart condition and the alleged malpractice of the wrongful death action defendant were both contributing causes of the decedent's death. But the portion of the compensation award payable from the Special Disability Fund on account of the pre-existing permanent health impairment and the wrongful death judgment represent separable recoveries covering independent losses and items of damage. The Special Disability Fund is set up to absorb the portion of compensation benefits which was attributable to the previous permanent disability. " Apparently recognizing the difficulties of proof required to demonstrate what portion of the disability is attributable to the second injury, the Legislature, by the present statute (L. 1947, ch. 431), has allocated the first 104 weeks of disability to the second injury, and directed that the payment of subsequent compensation be reimbursed out of the special fund." (*Matter of Mastrodonato* v. *Pfaudler Co.*, 307 N. Y. 592, 596).

I would hold that the proceeds of the action for wrongful death as a recovery for the " second injury " is not a recovery " in tort for the same injury that was a predicate for the payment of compensation benefits " from the Special Disability Fund. (Cf. *Matter of Petterson* v. *Daystrom Corp.*, 17 N Y 2d 32, 39.) The wrongful death recovery was expressly limited to damages consisting of " compensation for the pecuniary injuries, resulting from the decedent's death ", to the widow and children. (Decedent Estate Law, § 132.) In fixing such pecuniary loss, the condition and health of the decedent and his life expectancy were relevant factors (see *Rothman* v. *St. Barnabas Hosp. for Chronic Diseases*, 20 A D 2d 531), and the existence of the previous physical impairment would tend to reduce the recovery for such loss. Certainly, the recovery here for the benefit of the widow and children did not include compensation for loss or injury arising from the pre-existing heart condition. Thus, they are entitled to receive the compensation allocated by the Legislature for the pre-existing condition " undiminished by the amount of a recovery at law ". (Cf. *Matter of Petterson* v. *Daystrom Corp.*, *supra*, p. 39.) They are entitled to receive

such compensation as a vested right fixed by the Workmen's Compensation Board award not challenged here. To impose a lien upon the wrongful death recovery in favor of the Special Disability Fund for the compensation paid by it is to improperly reduce the recovery on account of an item of damage not included therein.

BOTEIN, P. J., STEVENS and McGIVERN, JJ., concur with McNALLY, J.; EAGER, J., dissents in opinion.

Order entered on October 20, 1967, modified, on the law, to the extent of providing for payment to the lienor-appellant of the sum of $12,870 prior to distribution of the recovery to the decedent's distributees, and, as so modified, affirmed, without costs and without disbursements.