In the Matter of the Claim of ELMER H. KLINE, Respondent, against AMERI-
CAN LOCOMOTIVE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD,
Respondent.— Appeal by a self-insured employer from decisions of the Work-
men's Compensation Board, one of which affirmed a referee's decision dismissing
appellant's claim for reimbursement under the "second injury law" (Work-
men's Compensation Law, § 15, subd. 8) as untimely filed and discharging
the Special Fund; and another which affirmed its said decision after appellant
had appealed therefrom.   Claimant sustained compensable injuries in appel-
lant's employ on August 8, 1945, for which, on April 16, 1947, he received a
schedule award for a permanent percentage loss of the use of his legs.   There-
after the case was closed upon said award after it had been *reopened* and
restored to the referee's calendar upon claimant's application which alleged
that his injuries caused further disability due to an aggravation of a pre-
existing cardiac affliction.   On a review of that decision the board, on November
30, 1948, reversed it, found that claimant's said heart condition was aggravated
as a result of the accident, that claimant was temporarily totally disabled and
the case was restored to the referee's calendar for evidence upon the issue
of permanency and " a decision on the completed record."   On December 27,
1948, and before the next hearing appellant-employer, on Form C-250, filed
its duly executed claim or request for reimbursement under subdivision 8 of
section 15 of the statute.   At the next hearing in the matter, on January 13,
1949, the Special Fund was put on notice and at the next one, on June 17,
1949, the referee dismissed appellant's claim for reimbursement as not timely
filed and discharged the Special Fund and this appeal is from the board's
decisions which affirmed the dismissal.   It was not until claimant had succeeded
in having his case reopened that any issue arose under the "second injury
law".   It was during the pendency of the *reopened* case that appellant filed
its claim for reimbursement, and, of course, before any final determination
had been made therein.   The statute (Workmen's Compensation Law, § 15,
subd. 8 par. [f]) provided that "in the event of the reopening of a case
theretofore closed" the claim for reimbursement shall be filed, "no later than
the determination of permanency upon such reopening."   The contention that
the earlier referee's decision and the schedule award thereon, before the reopen-
ing, barred the filing of appellant's claim cannot be upheld.   To do so would
nullify the statutory provision last above cited and partially quoted.   Appellant
was not bound to file its claim before the schedule award was made, since no
issue had then been developed wherein any such claim was relevant.   The
references to claimant's pre-existing cardiac condition in the medical reports
made prior to the award did not present such an issue.   There was no evidence
that such had caused or contributed to a *permanent* disability greater than
that which resulted from the subsequent injury alone.   It is clear from the
phraseology of the statute and its general aim and purpose that the limitation
of 104 weeks from the date of disability or death, within which the claim to
reimbursement is to be filed, does not apply to a case which has been reopened
upon premises which for the first time may give rise to the application of the
relief afforded by the "second injury law".   The reversed decision which closed
the case on the original award after the initial reopening did not result in or
amount to a "determination of permanency upon such reopening" and no
final determination of a permanent "resulting disability" under subdivision 8

of section 15 was made before appellant filed its claim and request. When filed after the reopening of the case and before any determination therein, it was timely. Decisions reversed on the law, with costs to appellant against the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.