In the Matter of the Claim of DONALD BURCH, Respondent, against LYNN A. HAWKINS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, August 13, 1959.

*Adams, Smith, Brown & Starrett* (*Percy R. Smith* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

*John M. Cullen* for Special Disability Fund, respondent.

GIBSON, J. An employer and his insurance carrier appeal from a decision of the Workmen's Compensation Board which relieved the respondent Special Disability Fund from liability, upon a finding that the carrier's claim for reimbursement from the Fund was not timely filed in accordance with paragraph (f) of subdivision 8 of section 15 of the Workmen's Compensation Law. This paragraph provides: " (f) Any award under this subdivision shall be made against the employer or his insurance carrier, but if such employer or insurance carrier be entitled to reimbursement as provided in this subdivision, notice or claim of the right to such reimbursement shall be filed with the board in writing prior to the final determination that the resulting disability is permanent, but in no case more than one hundred four weeks after the date of disability or death, or in the event of the reopening of a case theretofore closed, no later than the determination of permanency upon such reopening."

Claimant sustained accidental injuries to his back on March 5, 1948. His case was closed on November 24, 1950 with a lump sum non-schedule adjustment. On March 10, 1953 the case was reopened and subsequently the lump sum adjustment was rescinded and further awards made for periods of disability continuing to July 7, 1956. On April 23, 1956 the appellant carrier filed claim for reimbursement. On February 11, 1958 the board found, for the first time, that claimant had a permanent partial disability. At the same time the board found that prior to the accident claimant suffered from loss of vision of one eye, that this impairment was known to the employer and that there existed all the elements necessary to a claim for reimbursement (Workmen's Compensation Law, § 15, subd. 8), provided the claim therefor had been timely filed. The board then proceeded to find that although the claim was filed before the finding of permanency was made, the filing was not timely because made more than 104 weeks after the date of reopening. In its decision, the board said: " We do not believe the Legislature intended to allow a greater period of time to file for reimbursement after a case is reopened than that provided before the closing of a case. Since the application for reimbursement was not received within 104 weeks after reopening, it follows that the claim was not timely filed ". While the board's con-

struction might render the application of the 104 weeks' limitation more consistent as regards the two classes of cases, the language of the statute does not seem to us to permit that interpretation. We may not, of course, ascribe to the Legislature an intent belied by the plain and unambiguous language employed.

The respondent Special Disability Fund does not seek to sustain the board's construction of the statute but urges that the 104 weeks' limitation runs from the date of disability in all cases, whether or not reopened. This interpretation seems to us no less tenuous than that at which the board arrived. Indeed, the effect of our decision in *Matter of Kline* v. *American Locomotive Co.* (280 App. Div. 1003) was to reject such a construction. As has been noted, the final clause of paragraph (f) provides: '' or in the event of the reopening of a case theretofore closed, no later than the determination of permanency upon such reopening.'' That clause seems to us to be independent of the preceding clauses which refer to, among other things, the date of disability or death; and to be exclusive as respects the procedure in reopened cases. If respondent's view were correct, it would follow that there was needless repetition of the provision as to determination of permanency and, indeed, that the entire clause, as above quoted, was surplusage. The authorities cited by respondent (e.g., *Matter of Hengel* v. *Federici & Sons*, 4 N Y 2d 176) did not involve cases which had been reopened by the board and hence are not in point.

We fail to find merit in the additional contention that '' there was *in effect* a determination of permanency '' when the claim was closed in 1950 upon a lump sum non-schedule adjustment. Such adjustments are permissible in cases of temporary partial disability. (Workmen's Compensation Law, § 15, subd. 5-b.) The board physician's finding at that time of permanent partial disability was not the board's '' determination ''. (Workmen's Compensation Law, § 15, subd. 8, par. [f]; *Matter of D'Amario* v. *Martins*, 277 App. Div. 913.)

The decision should be reversed and the case remitted to the Workmen's Compensation Board, with costs to appellants against respondent Special Disability Fund.

Bergan, J. P., Coon, Herlihy and Reynolds, JJ., concur.

Decision reversed and the claim remitted to the Workmen's Compensation Board, with costs to appellants against the respondent, Special Disability Fund.