■ In the *Matter* of the Claim of JULIA EGAN, Respondent, v. HUGHES BROTHERS et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— COOKE, J. Appeal by the carrier from a decision of the Workmen's Compensation Board, filed November 22, 1968, which discharged the Special Disability Fund upon a finding that the carrier's claim for reimbursement under section 15 (subd. 8, par. [f])

of the Workmen's Compensation Law was not timely filed. The claim of employee's widow was based on alleged unusual exertion at work resulting in death on April 10, 1964, same having been controverted by appellants. Various hearings were conducted, claimant proved she was decedent's widow and on September 23, 1966, due to claimant's inability to locate a witness, the case was closed "without prejudice until widow's attorney is ready to proceed." Said attorney filed for reopening on February 3, 1967 and on May 3, 1967 carrier filed its claim for reimbursement from the Special Disability Fund. Said provision provides, *inter alia*, that if the carrier be entitled to reimbursement as provided therein "notice or claim of the right to such reimbursement shall be filed with the board in writing prior to the final determination that the resulting disability is permanent, but in no case more than one hundred four weeks after the date of disability or death, or in the event of the reopening of a case theretofore closed, no later than the determination of permanency upon such reopening." Appellants' contention that the final clause, as quoted, permitted additional time to claim reimbursement in the event of a reopening, as applicable to a death claim, is without merit since there is no need for a determination that death is permanent, the wording "resulting disability is permanent" and said last clause being not pertinent and it being obvious that the equating of "disability" and "death" would, in this context, create an absurdity (cf. *Matter of De Marco* v. *City of Niagara Falls*, 31 A D 2d 667; *Matter of Kirik* v. *Ford Motor Co.*, 27 A D 2d 675; *Matter of Domash* v. *Standard Coat, Apron & Linen Serv.*, 11 A D 2d 575, affd. 9 N Y 2d 889). Cases cited by appellants, involving disability claims, are inapposite. Decision affirmed, with costs to the Special Disability Fund. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.