■ In the Matter of the Claim of NATHAN HIRSCHHORN, Respondent, v. L & N FRUIT & PRODUCE, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed November 18, 1971, which determined that the carrier's request for reimbursement was not timely filed and discharged Special Fund from liability pursuant to section 15 (subd. 8, par. [f]) of the Workmen's Compensation Law. The sole issue upon this appeal is whether the record supports a finding of the board that there was not a true closing within the meaning of section 15 (subd. 8, par. [f]) of the Workmen's Compensation Law. Claimant's rights are not involved. Claimant suffered a compensable back injury on January 27, 1967. After several hearings were held, an award was made and the case closed by a notice of decision filed February 2, 1968. On February 7, 1968 claimant wrote the board inquiring as to why the case was closed as he was still under treatment. The case was reopened and restored to the calendar on March 4, 1968, and again closed without prejudice on July 1, 1968, with an authorization for occasional observation. Again, on August 8, 1968 the case was reopened on an application to consider a claim for substitute hire. Further hearings were held and ultimately a decision was filed on December 24, 1970 with a finding of permanent partial disability. Prior thereto, and on July 23, 1970, the appellant carrier filed a form C-250 for reimbursement from Special Fund under section 15 (subd. 8). The board has affirmed a decision of the referee determining that there was no true closing of the case and, therefore, appellant's form for reimbursement was not timely filed. Special Fund was discharged. Primarily, appellant contends that the February 2, 1968 closing was a true and final closing. We are unable to agree with appellant's argument that the standard for true closure under section 15 (subd. 8, par. [f]) should be stricter than that under sections 123 and 25-a. The critical test in each instance is whether the case was, in fact, closed, a factual matter clearly within the province of the board to determine. (*Matter of Scalesse* v. *Printing Adv. Corp.*, 30 N Y 2d 234.) It is apparent from a reading of the record that at the time the referee "closed" the case he was unaware that claimant was still receiving treatment. The board could properly infer that his action was based on a clear mistake and, in view thereof, rescind the error. (*Matter of Leonescu* v. *Star Liq. Dealers*, 25 A D 2d 932, affd. 20 N Y 2d 956.) There is substantial evidence to support the board's decision. Decision affirmed, with costs to respondent, Special Disability Fund. Cooke, Sweeney, Kane and Main, JJ., concur; Greenblott, J. P., concurs in the result in the following memorandum. Greenblott, J. P. (concurring) : I concur in the result reached by the majority, but I do not feel it necessary or proper to determine in this case whether the standards for determining if a case has truly been closed are the same as in cases under sections 25-a and 123.

It is worthy of note that in *Matter of Scalesse* v. *Printing Adv. Corp.* (30 N Y 2d 234), the Court of Appeals described the determination with regard to a closing as one of fact "for purposes of section 25-a", and noted that a referee's statement that a case is closed "does not necessarily render it so within the meaning of section 25-a" (p. 237). In my view, the Court of Appeals at least suggested without deciding that "closing" could have a different meaning in the context of another statute. I am of the opinion that section 15 (subd. 8, par. [f]) does deal with "closing" in such a different context. The statute purports to impose a time limit on the filing of claims for reimbursement. The basic time limit is "one hundred four weeks after the date of disability or death"; however, in recognition that a case might be "closed" a relatively short time after the date of disability or death, and that the carrier may rely on such action of the board and assume to its detriment that no claim for reimbursement would thereafter be necessitated, the Legislature has provided for the extension of the time for filing claims to the date of a finding of permanency where necessitated by the fact that a closed case has been reopened. Thus, if a case is closed before but reopened after the one hundred fourth week, the board should not be permitted to cut off the right to file claims for reimbursement by determining that the closing was not a "true" one. On the other hand, carriers should not be permitted to extend the 104-week period in cases where this period had not expired prior to the reopening. Thus, I would interpret paragraph (f) of subdivision 8 as granting an extension of time to file claims in every case where there was a closing of any kind before the expiration of the 104-week period where the reopening occurs after the expiration of such period. In cases where the reopening occurs, however, before the 104-week period has passed, there is no necessity to extend the time for filing.* Thus, in the case at bar, when the most recent reopening of the case occurred in August, 1968, the carrier still had in excess of four months to file a claim before the passage of 104 weeks. Since the closings and reopenings thus could not have worked to carrier's prejudice, the refusal to extend the time for filing to the date of the finding of permanency was not improper.

## FOURTH DEPARTMENT, FEBRUARY, 1974

### (February 14, 1974)

---

* Of course, in those cases where 104 weeks passed before there was any closing, the time to file claims for reimbursement will already have passed, and should not be revived, since the carrier would not have let the period pass in reliance upon a belief that the case was closed.