■ In the Matter of the Claim of RAYMOND McCOWEN, Respondent, v ST. JOHNSBURY TRUCKING et al., Appellants, and

SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [638 NYS2d 799] —Cardona, P. J.

Claimant sustained a compensable injury on March 26, 1986. After a hearing held on May 19, 1988 the Workers' Compensation Board issued a decision dated June 10, 1988 awarding claimant workers' compensation benefits and closing the case. Thereafter, pursuant to claimant's request, the case was reopened by Board order dated September 6, 1988 and restored to the calendar to consider questions concerning "further causally related disability, further compensable lost time and/or reduced earnings, proper intermittent lost time and to consider an examination by the State Physician for a final adjustment". On February 6, 1991, the employer's workers' compensation insurance carrier filed with the Board a C-250 claim for reimbursement from the Special Disability Fund. The Board dismissed this claim after finding that it was not timely filed by the carrier. On appeal, the carrier contends that its claim was timely filed inasmuch as the case was closed but subsequently reopened, which effectively extended its time to file a claim for reimbursement under Workers' Compensation Law § 15 (8) (f).

Under the circumstances presented, we find this argument to be unpersuasive. Our reading of the record discloses support for the Board's conclusion that the Workers' Compensation Law Judge "closed" the case without an examination by the State Physician for a final adjustment. The Board recognized this error and properly rescinded its June 10, 1988 decision by its September 6, 1988 order of restoral. Thus, the Board could rationally conclude that the June 10, 1988 decision was not a "true closing" of the case (see, Matter of Hirschhorn v L & N Fruit & Produce, 43 AD2d 1007). Since the carrier failed to file its claim for reimbursement within 104 weeks from the date of claimant's disability, its claim was untimely (see, Workers' Compensation Law § 15 [8] [f]).

Mikoll, White, Casey and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.