■ In the Matter of the Claim of Thomas Somers, Respondent, v Demco et al., Respondents, and Special Disability Fund, Appellant. Workers' Compensation Board, Respondent. [809 NYS2d 621]—

Crew III, J. Appeal from a decision of the Workers' Compensa-

tion Board, filed July 30, 2004, which found that the claim for reimbursement out of the Special Disability Fund was timely filed.

In December 1996, claimant filed a claim for workers' compensation benefits based upon a work-related injury that he sustained to his neck. The claim was closed in April 1999 without a finding of permanency. Approximately one year later, in May 2000, the case was administratively reopened and a hearing was scheduled to consider the issue of further causally related lost time. Thereafter, in November 2000, the employer's workers' compensation carrier filed a C-250 claim seeking reimbursement from the Special Disability Fund. Ultimately, following various interim hearings and appeals, a panel of the Workers' Compensation Board found that the carrier's C-250 claim was filed in a timely manner, prompting this appeal by the Special Disability Fund.

We affirm. Workers' Compensation Law § 15 (8) (f) provides, in relevant part, that: "if such employer or insurance carrier be entitled to reimbursement as provided in this subdivision, notice or claim of the right to such reimbursement shall be filed with the board in writing prior to the final determination that the resulting disability is permanent, but in no case more than [104] weeks after the date of disability or death or [52] weeks after the date that a claim for compensation is filed with the chair, whichever is later, *or in the event of the reopening of a case theretofore closed, no later than the determination of permanency upon such reopening*" (emphasis added). Here, the Board interpreted the final clause of Workers' Compensation Law § 15 (8) (f) as being independent of the preceding clauses thereof and, hence, determined that the 104-week limitation did not apply where, as here, the case previously was closed without a finding of permanency. Although the Special Disability Fund argues that the Board's interpretation "arbitrarily revives the time in which the employer has to file its C-250 by permitting it to do after a closing that which it could not do before," the Special Disability Fund's interpretation ignores the plain wording of the statute.

Even a cursory review of the relevant portion of Workers' Compensation Law § 15 (8) (f) plainly reveals that the statute is phrased in the disjunctive, thereby establishing an "exclusive" procedure for the filing of a C-250 in reopened cases (*Matter of Burch v Hawkins*, 9 AD2d 6, 8 [1959]; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 235, at 401 ["'(u)se of the conjunction 'or' in a statute usually indicates that the language is to be construed in an alternative sense"]). Thus where, as

here, there was a true closing of the case, the carrier's C-250 claim for reimbursement, filed after the reopening and prior to the determination of permanency, is timely (*see Matter of Burch v Hawkins, supra* at 8; *compare Matter of McCowen v St. Johnsbury Trucking*, 225 AD2d 859, 860 [1996] [no true closing]).

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.