■ In the Matter of the Claim of JANET E. RICCI, Respondent, v W.J. RIEGEL & SONS, INC., et al., Respondents, and C.N.A. INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [811 NYS2d 208]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed April 23, 2004, as amended by decision filed May 6, 2004, which denied the workers' compensation carrier's claim for reimbursement as untimely.

Claimant's decedent suffered a fatal heart attack at his place of employment on December 17, 1992. The employer's workers' compensation carrier controverted the underlying claim, apparently contending that decedent's demise was precipitated by his preexisting coronary artery disease and emphysema. The claim was closed in October 1993 pending receipt of prima facie medical evidence of a causally related death. Thereafter, in September 1995, claimant successfully applied to reopen the case and, on October 7, 1996, the carrier filed a C-250 form pursuant to Workers' Compensation Law § 15 (8) (f) seeking reimbursement for death benefits from the Special Disability Fund in the event that the case were to be established. On March 4, 1998, the case was established for death, and claimant's award of benefits then was affirmed by this Court (278 AD2d 673 [2000]). In a subsequent decision addressing the timeliness of the carrier's C-250 form, a workers' compensation law judge found the claim for reimbursement to be untimely. A panel of the Workers'

Compensation Board affirmed, prompting this appeal by the carrier.

We affirm. Where the carrier seeks reimbursement pursuant to Workers' Compensation Law § 15 (8) (f), the underlying notice of claim must be filed with the Board prior to a final determination that the resulting disability is permanent, "but in no case more than [104] weeks after the date of disability or death or [52] weeks after the date that a claim for compensation is filed . . . , whichever is later, or in the event of the reopening of a case theretofore closed, no later than the determination of permanency upon such reopening" (*see Matter of Somers v Demco*, 26 AD3d 621, 622 [2006]). Here, the carrier does not dispute that its claim for reimbursement was not filed within 104 weeks of decedent's death or within 52 weeks of the underlying claim for compensation but, rather, seeks to avail itself of the final clause of Workers' Compensation Law § 15 (8) (f) governing the filing of a C-250 form in reopened cases. The carrier's argument on this point is unavailing.

As this Court previously has held, any assertion that the final clause of Workers' Compensation Law § 15 (8) (f) permits "additional time to claim reimbursement in the event of a reopening, as applicable to a death claim, is without merit since there is no need for a determination that death is permanent" (*Matter of Egan v Hughes Bros.*, 33 AD2d 628, 629 [1969]). Simply put, "the equating of 'disability' and 'death' would, in this context, create an absurdity" (*id.* at 629). The carrier's attempts to distinguish *Egan* from the matter before us are unpersuasive and, accordingly, the Board's decision is affirmed.

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.