[862 NE2d 472, 830 NYS2d 525]

In the Matter of the Claim of THOMAS SOMERS, Respondent, v DEMCO et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Decided January 11, 2007

**APPEARANCES OF COUNSEL**

*Melissa A. Day*, Albany, for appellant.

*Thomas P. Etzel*, Buffalo, for State Insurance Fund, respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed with costs.

In order to promote the employment of disabled people, the Legislature created the Special Disability Fund. That Fund reimburses carriers and employers for part of their liability under the Workers' Compensation Law to a worker who becomes permanently disabled, if that worker was previously suffering from a "permanent physical impairment," and the preexisting impairment causes the permanent disability to be "materially and substantially greater" than it would have been otherwise (Workers' Compensation Law § 15 [8] [a], [d], [h]).

Workers' Compensation Law § 15 (8) (f) provides that, in cases where the Special Disability Fund is required to pay for reimbursement, "notice or claim of the right to such reimbursement shall be filed with the [workers' compensation] board in writing prior to the final determination that the resulting disability is permanent, but in no case more than one hundred four weeks after the date of disability or death or fifty-two weeks after the date that a claim for compensation is filed with the chair, whichever is later, *or in the event of the reopening of a case theretofore closed, no later than the determination of permanency upon such reopening*" (emphasis added).

At issue here is the interpretation of the emphasized clause. A worker's claim was closed, without a finding of permanent disability, after the 104-week period had expired, but the case was later reopened. The carrier, the State Insurance Fund, filed a claim with the Special Disability Fund after the reopening. The case ultimately resulted in a determination of permanency, and it is conceded that the Special Disability Fund has liability if the claim was timely.

As the Special Disability Fund points out, applying the final clause of section 15 (8) (f) to this case produces a somewhat odd result: A claim that became time-barred on the expiration of the statutory 104-week period is revived solely because the workers' compensation case was subsequently closed and then reopened. The Fund argues that, to avoid this result, we should read the final clause as applicable only to cases that are closed before the expiration of the 104-week period, and reopened thereafter (*cf. Matter of Hirschhorn v L & N Fruit & Produce*, 43 AD2d 1007, 1008 [3d Dept 1974] [Greenblott, J., concurring]). This reading, however, is not supported by the language of the statute and

would undermine its purpose—to permit an application to the Fund where a claim that initially seemed unlikely to result in a finding of permanent disability turns out, on reopening, to be a more serious claim than it first appeared. We therefore interpret section 15 (8) (f) to provide that the 104-week limitation does not apply to a case that has been closed without a finding of permanent disability and then reopened, even when the closure occurs more than 104 weeks after the date of disability (*see Matter of Burch v Hawkins*, 9 AD2d 6, 8 [3d Dept 1959]). The Appellate Division was correct in holding the State Insurance Fund's claim to be timely.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, with costs, in a memorandum.