■ In the Matter of the Claim of DAINELL STOKES, Claimant, v VALEO ELECTRICAL SYSTEMS, INC., et al., Respondents, and GENERAL MOTORS CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [843 NYS2d 864]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed June 28, 2006, which ruled, among other things, that claimant's case had not been closed in February 2000.

On August 23, 1999, claimant filed a workers' compensation claim for a strain to her wrists, forearms, elbows and shoulders caused by the repetitive-motion nature of her employment as an assembly worker for her employer, Valeo Electrical Systems, Inc., whose workers' compensation carrier is the State Insurance Fund (hereinafter collectively referred to as Valeo). After an independent medical exam (hereinafter IME) ordered by Valeo, orthopedist Mark Goodman suggested that the issue of permanency could be assessable in a few months. Yet, he noted that claimant's medical history, spanning over 20 years, included numerous prior complaints of pain, aching and soreness in her hands, elbows and shoulders.

In a February 2000 hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) elicited an agreement that claimant

suffered an occupational disease of both elbows and wrists and determined that her average weekly wage was $846.15. Although claimant also raised the issue of a left shoulder injury, the WCLJ found that there was no prima facie evidence of permanency. Acknowledging that the carrier raised "C-7 issues" and that claimant would be permitted to reopen the case upon the submission of medical evidence indicating permanency, the WCLJ declared the "[c]ase closed." These findings were memorialized in a decision filed February 23, 2000.

In March 2001, claimant sought to reopen her case to allow for an amendment of the occupational disease notice and causal relationship to include her injured shoulders. After a hearing on January 14, 2002, the WCLJ found prima facie medical evidence for both shoulders and continued the case for testimony regarding the causal relationship to the original work injury. After the next hearing, the WCLJ issued a decision dated March 25, 2002 which, among other things, directed that claimant's previous employers, General Motors Corporation, which is a self-insured employer through GM National Benefit Center (hereinafter collectively referred to as GM), and ITT Automotive, whose workers' compensation carrier is ACE/USA (hereinafter collectively referred to as ITT), be placed on notice for the purpose of Workers' Compensation Law § 44 apportionment. Hence, between October 31, 2002 and September 19, 2003, all employers filed their claims for reimbursement from the Special Disability Fund (see Workers' Compensation Law § 15 [8]).

By decision dated September 26, 2003, amended on October 10, 2003, claimant's shoulder injuries were added to her case, and she was determined to be "permanently partially disabled as a result of this work-related injury." Finding Workers' Compensation Law § 44 applicable, liability was apportioned to Valeo at 35%, GM at 50% and ITT at 15%. In March 2004, there was a challenge to the timeliness of the employers' filing for reimbursement pursuant to Workers' Compensation Law § 15 (8). After a hearing, wherein the issue was reserved for review, the WCLJ determined that the case was "truly closed" as of February 9, 2000, thereby resulting in its conclusion that the employers' claims for reimbursement, pursuant to Workers' Compensation Law § 15 (8) (f), were timely filed. After a review by the Workers' Compensation Board, the decision of the WCLJ was reversed. GM appeals.

Workers' Compensation Law § 15 (8) (f) states, in pertinent part, that "[a]ny award under this subdivision shall be made against the employer or his or her insurance carrier, but if such employer or insurance carrier be entitled to reimbursement as

provided in this subdivision, notice or claim of the right to such reimbursement shall be filed with the board in writing prior to the final determination that the resulting disability is permanent, but in no case more than [104] weeks after the date of disability . . . or in the event of the reopening of a case theretofore closed, no later than the determination of permanency upon such reopening" (*see Matter of Somers v Demco*, 26 AD3d 621, 622 [2006], *affd* 8 NY3d 831 [2007]; *Matter of Gilfus v General Crushed Stone Co.*, 53 AD2d 922, 922 [1976], *lv denied* 41 NY2d 803 [1977]; *Matter of Pickworth v Dwyer Elec. Co.*, 26 AD2d 872, 872 [1966], *affd* 20 NY2d 781 [1967]).

Reviewing both the transcript of the workers' compensation hearing held on February 9, 2000, wherein the case was deemed to be "closed," and the decision memorializing that determination, which stated that "[n]o further action is planned by the Board at this time," we reverse the finding of the Board that the case was not truly closed on February 9, 2000 and, therefore, that the claims for reimbursement were not timely filed. The fact that the WCLJ stated, on the record at the hearing of February 9, 2000, that the case could be reopened for an adjustment or classification never resulted in an amendment or rescission of that decision (*compare Matter of McCowen v St. Johnsbury Trucking*, 225 AD2d 859, 860 [1996]). And, while claimant did return to her orthopedist complaining of pain in her shoulder, this occurred only after the case was reopened (*compare Matter of Hirschhorn v L & N Fruit & Produce*, 43 AD2d 1007, 1007 [1974]). Although we recognize that on February 9, 2000, claimant reserved the right to raise additional body parts and Valeo reserved the right to raise the issue of apportionment, no further litigation was contemplated at that time (*compare Matter of Lane v Tompkins County Sheriff's Dept.*, 117 AD2d 861, 861 [1986]). Hence, even according the proper amount of deference to the Board's factual determination (*see Matter of Hirschhorn v L & N Fruit & Produce*, 42 AD2d at 1007), we find no rational basis for the conclusion that the parties' reservation of rights undermined the determination—by the original WCLJ, as well as the later WCLJ who reviewed those transcripts—that the case was "truly closed" on February 9, 2000 (*see Matter of McGarry v Capatano & Grow Constr. Co.*, 58 AD2d 372, 373-374 [1977], *affd* 44 NY2d 946 [1978]), and that the claims for reimbursement were timely filed after the reopening of the case and prior to a finding of permanency.

Having reviewed and rejected, as without merit, the parties' remaining contentions, we reverse the Board's decision.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered

that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.