In the Matter of the Claim of BERNADETTE COPAK, Claimant, v OUR LADY OF VICTORY et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [918 NYS2d 902]—

Malone Jr., J.

---

Claimant sustained a work-related injury in September 1993. In October 1996, the employer's workers' compensation carrier filed a C-250 form, applying for reimbursement from the Special Disability Fund. After a 20% schedule loss of use of claimant's right arm was awarded in March 1997, a Workers' Compensation Law Judge ruled that the carrier's application for reimbursement was untimely, the Special Disability Fund was discharged and the case was closed.

The case was reopened in 2000 and claimant was awarded further benefits. In 2002, the claim was amended to include neck and thoracic outlet syndrome and, in September 2004, claimant was classified with a permanent partial disability. In 2009, the carrier filed an RFA-2 form, requesting relief from liability, arguing that, pursuant to Workers' Compensation Law § 15 (8) (f), the 2004 classification of a permanent partial disability upon reopening rendered their 1996 C-250 application for reimbursement from the Fund timely. Following a hearing, a Workers' Compensation Law Judge denied the carrier's request and this determination was affirmed by the Workers' Compensation Board. The employer and the carrier appeal.

We affirm. Pursuant to Workers' Compensation Law § 15 (8) (f), a claim for reimbursement from the Fund "shall be filed with the [B]oard in writing prior to the final determination that the resulting disability is permanent, but in no case more than [104] weeks after the date of disability or death or [52] weeks after the date that a claim for compensation is filed with the chair, whichever is later, or in the event of the reopening of a case theretofore closed, no later than the determination of permanency upon such reopening." Moreover, the clause in the statute concerning reimbursement upon a reopening of a case "is phrased in the disjunctive, thereby establishing an 'exclusive' procedure for the filing of a C-250 [form] in reopened cases" (*Matter of Somers v Demco*, 26 AD3d 621, 623 [2006], *affd* 8 NY3d 831 [2007]).

Upon our review, we cannot say that the Board's conclusion that the carrier is not entitled to reimbursement as it failed to file a timely C-250 form was an irrational interpretation of Workers' Compensation Law § 15 (8) (f). Inasmuch as there is an exclusive procedure for submitting a claim for reimbursement on reopened cases, it is not unreasonable here to require the carrier to file a timely claim for reimbursement subsequent to the reopening of the case, but prior to the permanency determination upon the reopening (*see e.g. Matter of Stokes v Valeo Elec. Sys., Inc.*, 44 AD3d 1223, 1225 [2007]; *Matter of Somers v Demco*, 26 AD3d at 623; *Matter of Kline v American Locomotive*

*Co.*, 280 App Div 1003, 1004 [1952]). Clearly, the carrier could have filed a new or amended C-250 form between the reopening of the case in 2000 and the permanency determination in 2004, but failed to do so. The fact that an untimely application for reimbursement had been filed prior to the 1997 closing and the initial finding of permanency does not, in our view, satisfy the specific statutory requirement regarding reimbursement claims being filed prior to the permanency determination in reopened cases. Accordingly, the Board's determination that the carrier is not entitled to reimbursement under Workers' Compensation Law § 15 (8) (f) will not be disturbed.

Mercure, J.P., Peters, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.