■ In the Matter of the Claim of TAMMY STEVENS, Respondent, v FISHER HOTELS, Doing Business as THAYE HOT, et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [941 NYS2d 533]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed April 4, 2011, which ruled that the application by the workers' compensation carrier for reimbursement from the Special Disability Fund was timely.

In 2005, claimant sustained work-related injuries to her neck and shoulders and was awarded workers' compensation benefits. In April 2008, the workers' compensation carrier's orthopedic consultant concluded that claimant would be able to return to full duty at her job after two more months of rehabilitation. Thereafter, the carrier submitted to the Workers' Compensation Board an RFA-2 form, requesting a decrease in claimant's compensation.

At a July 2008 hearing, the carrier agreed to continue payments at the temporary partial disability rate, claimant was referred for vocational rehabilitation evaluation and the case was marked no further action. Thirteen months later, the carrier submitted another RFA-2 form requesting that the Board reduce claimant's compensation payments due to her ability to return to work. On September 11, 2009, the carrier filed a claim for reimbursement from the Special Disability Fund (form C-250), pursuant to Workers' Compensation Law § 15 (8), based upon an April 2009 report from the carrier's medical expert which acknowledged serious preexisting conditions that he was previously unaware of and concluded that the claimant's causally related disability would be materially and substantially greater due to these preexisting conditions. Thereafter, claimant was classified as having a permanent partial disability.

The Fund contested the carrier's claim for reimbursement arguing that it was untimely. In a January 2011 decision, the Board ruled that the claim was timely pursuant to Workers' Compensation Law § 15 (8) (f). The Board subsequently issued an amended decision that reached the same conclusion.* The Fund appeals and we affirm.

---

* Although the Fund only filed a notice of appeal from the Board's January 2011 decision, insofar as the amended decision was essentially the same as that decision and there is no claim of prejudice, we will exercise our discretion to overlook this error and treat this as a valid appeal from the amended decision (see CPLR 5520 [c]; Matter of Kucuk v Hickey Freeman Co., Inc., 78 AD3d 1259, 1260 n 1 [2010]).

In July 2008, there was medical evidence that claimant had reached her maximum medical improvement, no further medical treatment was indicated and it was contemplated that claimant was going to return to work. Accordingly, we conclude that substantial evidence supports the Board's July 2008 factual determination that there was no further proceedings contemplated, and the case was truly closed at that time (*see Matter of Hammond v Dutchess Bldg. Specialists*, 83 AD3d 1276, 1278 [2011]; *see Matter of Bush v Montgomery Ward*, 73 AD3d 1313, 1313 [2010]). Therefore, inasmuch as the carrier's C-250 form was filed after the reopening of the case and prior to the finding of permanency, the Board's finding that the form was timely filed will not be disturbed (*see Matter of Somers v Demco*, 26 AD3d 621, 622 [2006], *affd* 8 NY3d 831 [2007]).

Peters, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.