■ In the Matter of the Claim of HEIDI ALCOTT-AVERY, Respondent, v FINGER LAKES REGIONAL HEALTH et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [955 NYS2d 443]—

Mercure, J.P.

We affirm. Pursuant to Workers' Compensation Law § 15 (8) (f), an employer seeking contribution from the Fund in a case that has been reopened must file a claim in writing with the Board "no later than the determination of permanency upon such reopening." The question here is when the determination of permanency was made—whether it was upon the signing of

the stipulation and its acceptance by the WCLJ at the hearing, as the Fund contends, or whether it was upon the issuance of the WCLJ's written decision, which the employer argues and the Board determined.

Pursuant to 12 NYCRR 300.5 (b) (2), a stipulation entered into by parties in a workers' compensation case is "subject to the approval of a [WCLJ] and, if approved, shall be incorporated into the decision of the [WCLJ] and shall be binding upon the parties." Thus, here the Board found that the determination of permanency was not made until the written decision incorporating the stipulation was issued on October 5, 2009, which rendered timely the C-250 form filed by the employer on October 2, 2009. As we cannot say that the Board's interpretation of Workers' Compensation Law § 15 (8) (f) was irrational, we decline to disturb its decision (*see Matter of Copak v Our Lady of Victory*, 82 AD3d 1485, 1486 [2011]; *Matter of Turdo v Dellicato Vineyards*, 73 AD3d 143, 146-147 [2010]; *Matter of Scally v Ravena Coeymans Selkirk Cent. School Dist.*, 31 AD3d 836, 837 [2006]).

Spain, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the amended decision is affirmed, without costs.