■ In the Matter of the Claim of COLLEEN RODRIGUEZ, Respondent, v METAL CLADDING, INC., et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [962 NYS2d 439]—

Peters, P.J. Appeal from a decision of the Workers' Compensation Board, filed January 9, 2012, which ruled that the employer's workers' compensation carrier is entitled to reimbursement from the Special Disability Fund.

Claimant sustained a work-related injury and was awarded workers' compensation benefits. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) sought reimbursement from the Special Disability Fund (*see* Workers' Compensation Law § 15 [8]). The Fund contested the carrier's application and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that the carrier's application was timely and it was entitled to reimbursement. Upon review, the Workers' Compensation Board adopted the findings of the WCLJ and affirmed the determination. The Fund appeals.

The sole issue on this appeal is whether the carrier's application for reimbursement was timely pursuant to Workers' Compensation Law § 15 (8) (f), which provides that, "in the event of the reopening of a case theretofore closed, [a claim for reimbursement must be filed] no later than the determination of permanency" (*see Matter of Somers v Demco*, 26 AD3d 621, 622-623 [2006], *affd* 8 NY3d 831 [2007]). The Fund argues that this clause is inapplicable because the case was never truly closed. Substantial evidence supports the Board's factual determination that the case was closed in August 2005 when the WCLJ found that there was no prima facie medical evidence and marked the case "no further action" (*see Matter of Stevens v Fisher Hotels*, 94 AD3d 1202, 1203 [2012]; *see also Matter of Stokes v Valeo Elec. Sys., Inc.*, 44 AD3d 1223, 1225 [2007], *lv denied* 10 NY3d 714 [2008]). Inasmuch as the carrier first filed a C-250 form seeking reimbursement from the Fund in January 2010, which was after the reopening of the case and prior to the finding of permanency, we will not disturb the Board's decision (*see Matter of Stevens v Fisher Hotels*, 94 AD3d at 1203; *Matter of Somers v Demco*, 26 AD3d at 623).

Lahtinen, Stein and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.