Matter of Peralta v Supreme Ct., 1st Jud. Dept. (2025 NY Slip Op 00506)

Matter of Peralta v Supreme Ct., 1st Jud. Dept.

2025 NY Slip Op 00506

Decided on January 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 30, 2025

CV-23-1908
[*1]In the Matter of the Claim of Miosotis Peralta, Claimant,
v
Supreme Court, 1st Judicial Dept., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:January 7, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Stockton, Barker & Mead, LLP, Troy (Matthew R. Mead of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed September 15, 2023, which modified a prior award of counsel fees to claimant's attorney.
Claimant, a court officer, sustained injuries to her left shoulder and left knee in November 2021 while attempting to remove an unruly individual from a courtroom. As relevant here, claimant remained out of work beginning November 5, 2021 and, throughout her ensuing absence, the employer continued to pay claimant's salary pursuant to the terms of a collective bargaining agreement. In May 2022, claimant filed a claim for workers' compensation benefits and thereafter sought a hearing to determine issues of accident, notice and causal relationship and to establish her average weekly wage. In conjunction therewith, claimant's attorney sought an award of counsel fees.
By decision filed January 13, 2023, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim, found that claimant had a temporary total disability from November 5, 2021 to August 8, 2022 and directed the employer's workers' compensation carrier (the State Insurance Fund) to continue payments at the compensation rate. The WCLJ also directed that claimant's employer (the State of New York) receive a credit for the wages paid at the compensation rate. All parties objected to the WCLJ's decision — with claimant requesting, among other things, that her attorney be granted a fee and the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) contending that, as the employer was still paying claimant's wages, it should receive a continuing credit.
While the parties' objections were pending, claimant remained out of work and the employer continued to pay her wages, prompting the employer to file additional claims for reimbursement through April 27, 2023. At a hearing held on May 8, 2023, the carrier accepted the claim for injuries to claimant's left shoulder and left knee, and the WCLJ awarded compensation for various periods between November 5, 2021 and April 23, 2023 at either the temporary total or temporary partial disability rates; awards from April 27, 2023 to May 8, 2023 were held in abeyance pending the submission of an updated reimbursement request. Claimant's attorney requested a fee of $10,500 as a lien on the employer's reimbursement and the carrier objected — contending that Workers' Compensation Law § 24 did not apply because the employer was paying claimant's wages and, therefore, the argument continued, the funds were just moving from one state agency to another. The WCLJ agreed and, among other things, denied the fee request by decision filed May 11, 2023.
One week later, the parties entered into a stipulation that modified the WCLJ's decision to reflect certain credits to the employer. Additional administrative filings ensued — with the carrier seeking to formally amend the WCLJ's decision to reflect the parties' stipulation, claimant's attorney submitting an updated [*2]fee application and claimant seeking review of the WCLJ's decision. During this time, the employer continued paying claimant's wages. By decision filed July 25, 2023, the WCLJ issued a notice of stipulated decision to amend the awards/credits as per the parties' stipulation. Thereafter, by decision filed September 15, 2023, the Workers' Compensation Board modified the WCLJ's May 11, 2023 decision by granting claimant's attorney a fee in the amount of $10,422.27 as a lien on reimbursement and otherwise affirmed. This appeal by the carrier ensued.
The parties' dispute regarding the requested counsel fee centers upon the construction to be given to Workers' Compensation Law § 24 (2) (b). "When presented with a question of statutory interpretation, a court's primary consideration is to ascertain and give effect to the intention of the Legislature. As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Matter of Strzepek v DiNapoli, 227 AD3d 1353, 1355 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see Matter of Winter v Luft, 230 AD3d 1084, 1087 [2d Dept 2024]). To that end, Workers' Compensation Law § 24 (2) (b) provides that "[w]hen an award is made that increases the amount of compensation awarded or paid for a previous period or periods of temporary total or temporary partial disability, the [counsel] fee shall be [15%] of the increased compensation" (emphasis added). "When so approved, such claim or claims [for a counsel fee] shall become a lien upon the compensation awarded" (Workers' Compensation Law § 24 [4]; see Employer: NYC Health & Hosps., 2023 WL 5507965, *3, 2023 NY Wrk Comp LEXIS 4951, *6-7 [WCB No. G281 9618, Aug. 18, 2023]).
To the extent that the carrier argues that a fee may be awarded pursuant to Workers' Compensation Law § 24 (2) (b) only when there is an increase in both the amount of the compensation awarded and the amount of compensation paid, this contention is refuted by the plain language of the statute itself, which clearly is phrased in the disjunctive (see generally Matter of Somers v Demco, 26 AD3d 621, 622 [3d Dept 2006], affd 8 NY3d 831 [2007]). The carrier's alternative claim — that, because the awards that followed the May 2023 hearing were the first awards made in this matter, there necessarily was no increase in the amount of compensation previously awarded or paid — is equally unavailing. As the Board consistently has held, "[a]n award of benefits for previous periods of time, for which benefits had not previously been awarded, is an increase in the amount of compensation awarded to a claimant" (Employer: NYC Dept of Corrections, 2023 WL 4713396, *3, 2023 NY Wrk Comp LEXIS 4051, *6 [WCB No. G322 0764, July 14, 2023]; see Employer: DOCCS Coxsackie Cor Facility, 2023 WL 6017425, *3, 2023 NY Wrk Comp LEXIS 5379, *6-7 [WCB No. G334 6971, Sept. 7[*3], 2023]; Employer: NYC Health & Hosps., 2023 WL 5507965 at *2, 2023 NY Wrk Comp LEXIS 4951 at *4). The carrier does not dispute that, but for the fact that the employer was paying claimant's salary throughout her periods of temporary disability, claimant would have been entitled to an award of workers' compensation benefits. Although the statute "specifically allows for [counsel fees] where the amount of benefits awarded for a past period has been increased" (Employer: NYC Dept of Corrections, 2023 WL 4713396 at *3, NY Wrk Comp LEXIS 4051 at *6), it does not, as the carrier appears to argue, mandate the actual existence of a prior award (see Employer: Bedford Hills Correctional Fac, 2024 WL 3056582, *2, 2024 NY Wrk Comp LEXIS 3680, *4-5 [WCB No. G360 4003, June 10, 2024]; Employer: DOCCS Coxsackie Cor Facility, 2023 WL 6017425 at *3, 2023 NY Wrk Comp LEXIS 5379 at *6-7; Employer: NYC Dept of Corrections, 2023 WL 4713396 at *3, 2023 NY Wrk Comp LEXIS 4051 at *6-8).
The carrier's arguments regarding the effect of reimbursement and the propriety of the statutory lien are similarly unavailing. Although Workers' Compensation Law § 24 makes no mention of the employer's right to reimbursement for wages paid to an injured employee, that right is squarely addressed in Workers' Compensation Law § 25 (4) (a), which provides, as relevant here, that "[i]f the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, [the employer] shall be entitled to be reimbursed out of an unpaid instalment or instalments of compensation due" (accord Matter of Enoch v New York State Dept. of Corr. & Community Supervision, 179 AD3d 1430, 1432 [3d Dept 2020]). The fact that some or all of the benefits awarded to a claimant are subject to a reimbursement request by the employer does not affect counsel's statutory entitlement to a fee (see Matter of Burke v Verizon Servs. Group, 87 AD3d 1237, 1238-1239 [3d Dept 2011]; Matter of Dickman v City of New York, 25 AD2d 931, 931-932 [3d Dept 1966], affd 18 NY2d 969 [1966]; Employer: NYC Health & Hosps., 2023 WL 5507965 at *3, 2023 NY Wrk Comp LEXIS 4951 at *6-7; Employer: NYC Dept of Corrections, 2023 WL 4713396 at *3, 2023 NY Wrk Comp LEXIS 4051 at *6-8; Employer: NYC Administration For, 2023 WL 3579605, *2, 2023 NY Wrk Comp LEXIS 1756, *5 [WCB No. G332 0028, May 11, 2023]; see also Matter of Glickman v New York State Dept. of Taxation & Fin., 35 AD2d 1055, 1055 [3d Dept 1970], lv denied 28 NY2d 485 [1971]). Indeed, "[a] lien for counsel fees attaches to any compensation awarded, and the fact that there is presently no balance due to claimant does not necessarily preclude an award of such fees, payable either now or as a lien against any future awards made to claimant" (Matter of Burke v Verizon Servs. Group, 87 AD3d at 1238 [internal quotation marks and citation omitted]).
Analysis of the foregoing statutes, in our view, supports the Board's finding [*4]that claimant's counsel was entitled to a fee pursuant to Workers' Compensation Law § 24 (2) (b) — "regardless of whether the [subject] awards were made as employer reimbursement" (Employer: NYC Health & Hosps., 2023 WL 5507965 at *3, 2023 NY Wrk Comp LEXIS 4951 at *6-7; see Employer: Bedford Hills Correctional Fac, 2024 WL 3056582 at *2, 2024 NY Wrk Comp LEXIS 3680 at *4-5; Employer: ACS, 2023 WL 9051937, *2-3, 2023 NY Wrk Comp LEXIS 8211, *5-6 [WCB No. G345 0019, Dec. 27, 2023]; Employer: DOCCS Coxsackie Cor Facility, 2023 WL 6017425 at *3, 2023 NY Wrk Comp LEXIS 5379 at *6-7; Employer: NYC Dept of Corrections, 2023 WL 4713396 at *3, 2023 NY Wrk Comp LEXIS 4051 at *6-8). Notably, the fact that this was a "paper transaction" between the employer and the carrier is of no moment, as " '[t]here is no requirement that an actual payment between different parties must take place' " (Employer: NYC Dept of Corrections, 2023 WL 4713396 at *3, 2023 NY Wrk Comp LEXIS 4051 at *6 [ellipsis omitted], quoting Matter of Dickman v City of New York, 25 AD2d at 931-932; see Matter of McCabe v Albany County Sheriff's Dept., 129 AD3d 1348, 1350 [3d Dept 2015]). The carrier's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Ceresia, McShan and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.