■ In the Matter of the Claim of CAROLINE LAMBRIGHT, Respondent, against ST. LUKE'S HOSPITAL et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its carrier from a decision and award of the Workmen's Compensation Board which, among other things, discharged the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law from liability. Claimant's employment, as a physically handicapped person, within the purview of subdivision 8, is not disputed. The sole issue arises upon the board's determination that the filing of the carrier's claim for reimbursement from the Fund more than 104 weeks after the date of disability (§ 15, subd. 8, par. [f]) was not timely and that the claim was therefore barred. The statutory period of limitation had already expired before the employee first filed a claim and before the carrier first had knowledge of the injury. The board has found, however, upon evidence which we deem substantial, that claimant sustained a compensable accident and disability which were known at the time to appellant employer, a hospital, which there-

upon furnished treatment in its clinics over a period of time. The board properly found, also, that an advance payment of compensation within the meaning of section 28 was thus constituted and excused the failure to give written notice of injury and to file a claim within the respective periods prescribed by sections 18 and 28. The term "disability" as used in subdivision 8 of section 15 includes not only financial impairment, as reflected in wage-earning capacity, but also medical impairment, "where disability is reflected in medical care required". (Matter of Mastrodonato v. Pfaudler Co., 307 N. Y. 592.) Here, upon substantial evidence, the board found disability within the latter concept and it follows that the filing of the carrier's claim more than 104 weeks after the date of that disability was not timely. We consider that the basis of our decision in Matter of De Maroney v. Bennett Junior Coll. (282 App. Div. 538) upon which appellants rely, was disapproved in the Mastrodonato case, (supra). The seeming hardship imposed upon the carrier in this case must, we suppose, be regarded as the result of a risk incidental to its business, since its assured's knowledge of the accident and injury must be deemed its knowledge. (§ 54, subd. 2.) Decision and award affirmed, with costs to respondent Special Disability Fund. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.