Desmond, J.
 

 Paragraph (d) of subdivision 8 of section 15 of the Workmen’s Compensation Law gives a right, under certain circumstances, to an employer and carrier to be reimbursed from respondent Special Disability Fund for certain compensation benefits paid to an employee who suffers permanent disability from a compensable accident following a “ previous permanent physical impairment” (see
 
 Matter of Mastrodonato
 
 v.
 
 Pfaudler Co.,
 
 307 N. Y. 592). The time for the filing by employer or carrier of a claim for such reimbursement is fixed by paragraph (f) of subdivision 8 of section 15 in these words: “ (f) Any award under this subdivision shall be made against the employer or his insurance carrier, but if such employer or insurance carrier be entitled to reimbursement as provided in this subdivision, notice or claim of the right to such reimbursement shall be filed with the board in writing prior to the final determination that the resulting disability is permanent, but in no case more than one hundred four weeks after the date of disability or death, or in the event of the reopening of a case theretofore closed, no later than the determination of permanency upon such reopening.”
 

 Here the board has found on adequate proof that the date of this claimant’s disability was April 15, 1947, and that, accordingly, the reimbursement claim of this carrier, filed with the board on June 22, 1949, was not timely. The carrier, however, argues, among other things, that it should not be held to the 104 weeks’ limitation since the board’s finding of
 
 *178
 
 April 15, 1947 as the date of beginning of disability was not made until May 18,1954, much more than 104 weeks after April 15, 1947.
 

 "While the meaning of paragraph (f)
 
 (supra)
 
 seems clear, we need not in this case decide whether a carrier might under some circumstances be entitled to an enlargement of the 104-week period for filing the reimbursement claim. In affirming here, we hold only that the facts here did not mandate such an extension of time.
 

 The first award in this proceeding was made on December 30,1947 for disability beginning August 22, 1947. However, the employer and carrier knew that the accidental injury had occurred on April 15,1947, since the employer’s own first notice of injury, filed on April 17th, gave the April 15th date for disability as did, soon afterwards, various medical reports as well as the claimant’s own claim for compensation, filed June 10, 1947. Thus, whatever might be said in a different situation, it could reasonably be said here by the board that this carrier had ample notice, well within 104 weeks from April 15, 1947, that April 15th was the date of disability. The board’s subsequent fixing of April 15, 1947, as the critical date was the -correction of the error it had somehow made in dating the first award from August :22,1947.
 

 We pass on no other question-.
 

 The order should be affirmed, with costs:
 

 Chief Judge Conway and Judges Dye, Fold, Froessel, Van Voorhis and Burke concur.
 

 Order affirmed.