■ In the Matter of the Claim of LLOYD TURNER, Respondent, against COLGATE CONTRACTING, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. On the record before us it could be found that claimant was injured in August, 1953 with a resulting medical disability arising the following month, although he then continued to work. He entered a hospital in December, 1953 where he under‑ went a series of amputations. The carrier on December 21, 1955 filed a claim for reimbursement under subdivision 8 section 15 of the Workmen's Compensa‑ tion Law on the basis of a prior permanent disability. This was over two years from the injury and the medical disability. The statute (§ 15, subd. 8, par. [f]) requires the filing of a claim for reimbursement "in no case more than one hundred four weeks after the date of disability". The board held that the claim for reimbursement was not filed within 104 weeks after disability which it decided had occurred in September, 1953. Appellants argue that there is no substantial evidence that a disability existed in September. But the doctor who treated claimant observed his physical condition in September and prescribed treatment; and there is further proof that in November, 1953 the doctor performed some surgery at the site of injury. All this was longer than 104 weeks before the filing of the claim for reimbursement; and "disa‑ bility" in the sense used in paragraph (f) of the subsection does not necessarily require a cessation from work. There are, of course, cases where the absence of any knowledge of injury and disability would impose an unreasonable and perhaps legally invalid burden on an employer and carrier. But here the proof is that over a year and a half before the claim for reimbursement was filed, the employer knew (April 28, 1954) and the carrier was promptly advised, of the accident and injury — in August, 1953. Indeed, the carrier filed a notice of contest in June, 1954. We see no reason why a claim for reim‑ bursement could not have been filed promptly with the date of claimed injury and disability kept in mind. Decision and award unanimously affirmed, with costs against appellants to the Special Disability Fund. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.