■ In the Matter of the Claim of ARTHUR LE BARRON, Respondent, v. D & K FIBRE COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the board, filed March 17, 1971, which affirmed a schedule award for 100% loss of use of the claimant's left eye. There was no dispute as to the claimant suffering a traumatic injury to his left eye on November 13, 1967 and that such injury caused a massive hemorrhage with vision being reduced to light perception. As of the hearings the claimant remained blind in his left eye, and his physician testified that the blindness was caused by the traumatic injury and the resultant hemorrhage. There is medical evidence that the hemorrhage should have cleared and that, therefore, the present blindness is solely the product of the claimant's diabetic condition. The board adopted the medical evidence in favor of the claimant and the award is supported by substantial evidence. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Simons, JJ., concur.

■ In the Matter of the Claim of JOSEPHINE NAPOLITANO, Respondent, v. A. CHRISTEN REALTY et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed April 22, 1970, which found that the carrier's claim for reimbursement pursuant to subdivision 8 of section 15 of the Workmen's Compensation Law was untimely filed. On September 28, 1965 the employer prepared a report of injury which stated that the date of the accident was February, 1965. On December 23, 1966 the board affirmed a Referee's decision which held that the claimant in March of 1965 sustained an accidental injury arising out of and in the course of her employment and remanded the case to the Referee's calendar on the issue of casually related disability. On May 19, 1967 the Referee's notice of decision was issued which found no evidence of disability prior to September of 1965 and awarded benefits for disability from September 10, 1965. The carrier filed its claim for reimbursement on August 29, 1967. On January 22, 1968 the board, upon a claimant's appeal, found upon the record that the Referee properly began his award as of September, 1965. By memorandum decision issued on July 25, 1969 a Referee found that the claim for reimbursement was timely filed. Upon appeal by the Special Funds Conservation Committee the board rendered the decision appealed from wherein it found that the doctor first rendered treatment on June 23 or 24 of 1965 and established thereon that disability began in June of 1965 with the result that the claim for reimbursement was untimely filed. There is no dispute as to the statutory requirement that the claim for reimbursement be filed within two years from the date of disability, as a general proposition. The appellants seek to enlarge the time for the filing of the claim for reimbursement upon various theories. However, the record establishes that the appellants knew the date of accident in ample time to have filed a claim for reimbursement within two years of that date. The employer's report of injury noted that the accident was claimed to have occurred in February of 1965 and, accordingly, the appellants had ample time within which to have protected their right to reimbursement by filing a claim for such relief. The board's decision of December 23, 1966 noted that the claimant had been examined by a doctor in June of 1965. This case is within the ambit of *Matter of Hangel* v. *Federici & Sons* (4 N Y 2d 176, 178) and should be affirmed. (See *Matter of Kirik* v. *Ford Motor Co.*, 27 A D 2d 675.) Decision affirmed, with costs to respondent Special Disability Fund. Herlihy, P. J., Greenblott, Cooke, Sweeney and Simons, JJ., concur.