■ In the Matter of the Claim of ELLEN ALLEN, Respondent, v BAUSCH & LOMB, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed February 27, 1985.

Claimant sustained a compensable injury to her back on September 8, 1980 for which she received workers' compensation benefits. It is uncontested that the employer's insurance carrier served the Special Disability Fund by mail with a notice on the appropriate form (form C-250) of its claim for reimbursement pursuant to Workers' Compensation Law § 15 (8), which the Fund acknowledged receiving June 24, 1981. The basis of the reimbursement claim was claimant's back surgery in 1979. At a pretrial conference with the carrier in November 1981, the Fund also acknowledged that the case fell within the purview of the statutory reimbursement provision. The Fund did not appear at a hearing on the claim held May 3, 1982, and the carrier's representative asked the Workers' Compensation Law Judge (WCLJ) to put the Fund on notice of

all subsequent hearings. Notice to the Fund was given for hearings held in June, July and September 1982. At the September 8, 1982 hearing, the WCLJ advised the carrier that there was no evidence of the filing of a form C-250 notice with the Workers' Compensation Board. Responding to the WCLJ's suggestion at that hearing, the carrier mailed a copy of its June 1981 form C-250, which was stamped filed by the Board on September 17, 1982. Subsequently, the Fund moved to dismiss the claim for reimbursement on the ground that the only record of the filing of the claim was that of September 17, 1982, which was beyond the 104-week statutory period of limitations, from the date of disability, for such filing (see, Workers' Compensation Law § 15 [8] [f]). The WCLJ granted the motion to dismiss, which was affirmed by the Board, with a finding that there was no evidence of the filing of the claim other than that filed September 17, 1982.

Of the various points raised on this appeal, the only issue both preserved and worthy of discussion is the refusal of the WCLJ to entertain evidence that the carrier offered to submit pertaining to the mailing to the Board of the form C-250 simultaneously with that sent to the Fund in June 1981. The offered proof was as to regular mailing procedures in the carrier's office. The WCLJ, however, insisted that the only acceptable evidence of mailing would be the testimony of an employee that he or she actually mailed the specific document. The record establishes that the Board routinely accepts mailed notices for purposes of meeting the filing requirements of the statute. Appropriate evidence of a regular office practice and procedure regarding mailing gives rise to a presumption of delivery, without the necessity of producing the person who can personally attest to actual posting (Bossuk v Steinberg, 58 NY2d 916, 919; Matter of Gonzalez v Ross, 47 NY2d 922, 923; Nassau Ins. Co. v Murray, 46 NY2d 828, 829-830). Therefore, although the Board is correct in pointing out that the act of mailing itself would not meet the statutory requirement of the filing of the notice of claim here (see, Matter of Stern v Electrol, Inc., 18 AD2d 1117), the offered proof of mailing (if sufficient to raise the presumption of delivery) should have been considered on the factual issue of whether the absent form C-250 was timely received by the Board, but merely misplaced (see, Matter of Anderson v Lorentz, 114 AD2d 578; Matter of Kearsch v Town of Hempstead, 98 AD2d 893, 894). Consequently, this matter must be remitted for further development of the record regarding the carrier's proof of timely mailing, and consideration thereof by the Board.

Decision reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.