■ In the Matter of the Claim of ANTHONY GUARASCIO, Respondent, v SPARGO WIRE COMPANY et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [823 NYS2d 548]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed March 14, 2005, which ruled that the claim for reimbursement out of the Special Disability Fund was timely.

Claimant, a truck driver, injured his back and shoulder while at work on October 27, 1995. He sought medical treatment for his injuries and was out of work until January 1996. As a result, from November 20, 1995 through January 2, 1996, the employer's workers' compensation carrier paid workers' compensation benefits on claimant's behalf. In December 1996, claimant sustained another work-related injury to his back and a compensable claim for this injury was thereafter established. On October 17, 2000, the carrier submitted a C-250 claim seeking reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (d) for payments attributable to claimant's October 1995 injuries. On October 24, 2002, a Workers' Compensation Law Judge (hereinafter WCLJ) formally established a compensable claim for such injuries. Thereafter, further proceedings were conducted before the WCLJ concerning, among other things, issues of apportionment relating to claimant's December 1996 injury and his prior work-related injuries, including one in September 1973 and a second in November 1977. In May 2004, the WCLJ found that claimant was permanently partially disabled and made a ruling on apportionment, but declined to address the issue of reimbursement under Workers' Compensation Law § 15 (8) (d) as premature. Following additional proceedings, the WCLJ concluded that the carrier had made a timely request and was entitled to reimbursement from the Special Disability Fund under Workers' Compensation Law § 15 (8) (d). The Workers'

Compensation Board affirmed the WCLJ's decision, resulting in this appeal.

Workers' Compensation Law § 15 (8) (d) provides that, in certain circumstances, a carrier has the right to reimbursement from the Special Disability Fund for compensation payments made on behalf of a claimant who has suffered a previous permanent physical impairment. To qualify for reimbursement, the carrier must show that " 'the claimant had a preexisting permanent impairment that hindered job potential, a subsequent injury arising out of and in the course of employment, and a permanent disability caused by both conditions materially and substantially greater than what would have been caused by the work-related injury alone' " (*Matter of Chadwick v Mallinkrodt Anesthesia Prods.*, 264 AD2d 953, 953 [1999], quoting *Matter of Sturtevant v Broome County*, 188 AD2d 893, 893-894 [1992]). A prerequisite to reimbursement, however, is the filing of a timely claim with the Board. In this regard, Workers' Compensation Law § 15 (8) (f) provides, in pertinent part, that such claim must be filed "prior to the final determination that the resulting disability is permanent, but in no case more than [104] weeks after the date of disability or death or [52] weeks after the date that a claim for compensation is filed with the chair, whichever is later."

Here, the carrier's C-250 claim, dated October 17, 2000, was received by the Board on October 26, 2000, well before the WCLJ's determination of permanency. As no C-3 form was filed in the case, the dispositive issue is when the claim relating to claimant's October 1995 injuries is considered to have been "filed" with the Chair. Although the medical records, C-2 employer's report of injury, and other compensation forms submitted by the employer pertaining to such injuries are dated between October 1995 and January 1996, it is undisputed that these documents were not posted as received by the Board until February and March 2000. This explains why the Board did not index the case until April 2000. Absent proof that the Board was in receipt of the documents providing the basis for the claim prior to February and March 2000 (*see generally Matter of Allen v Bausch & Lomb*, 130 AD2d 802 [1987]), substantial evidence supports the Board's conclusion that the claim had not been filed before this time and that the carrier's C-250 claim was timely filed within the 52-week period provided by Workers' Compensation Law § 15 (8) (f). While the Special Disability Fund argues that the claim should be "deemed" filed in 1995 because the carrier was required by statute to file certain compensation forms with the Board prior to February and

March 2000, it has provided no authority for such a remedy either in the relevant statutes or case law. Therefore, we decline to disturb the Board's decision.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.