■ In the Matter of the Claim of EDITH KROTMAN, Claimant, v BERKE, BERKE & GRILL et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [861 NYS2d 210]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed October 19, 2006, which ruled that the workers' compensation carrier's claim for reimbursement from the Special Disability Fund was timely filed.

Decedent was found to be permanently partially disabled in 1991 due to a work-related myocardial infarction. Decedent's condition worsened and he died in February 1999. On June 21, 1999, claimant, decedent's widow, filed a claim for death benefits with the Workers' Compensation Board but received no response. In May 2001, claimant informed the Board that there had been no notice that the June 1999 claim had been indexed

and, on May 23, 2001, filed a copy of the original claim. Thereafter, the Board provided a notice of the claim to the employer's workers' compensation carrier on May 31, 2001 and a notice of indexing on June 4, 2001. The carrier filed with the Board a notice of claim for reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) on June 26, 2001.

During a hearing on the claim for benefits, the Special Disability Fund contended that the carrier's reimbursement claim was untimely. However, a Workers' Compensation Law Judge determined that the carrier's claim for reimbursement was timely inasmuch as the filing of the claim for benefits did not occur until the Board indexed the claim and notified the carrier of such on June 4, 2001. The Board subsequently affirmed the decision of the Workers' Compensation Law Judge and this appeal ensued.

The Special Disability Fund maintains that strict compliance with the time requirements set forth in Workers' Compensation Law § 15 (8) (f) is required and that the carrier's reimbursement claim is untimely as a matter of law. We agree. Where an employee with a preexisting permanent disability experiences a subsequent disability or death, the carrier must provide the Board with written notice of a claim for reimbursement no later than 104 weeks following the occurrence of the death or disability or 52 weeks from the date that a claim for compensation is filed with the chair of the Board, "whichever is later" (Workers' Compensation Law § 15 [8] [f]; *see Matter of Guarascio v Spargo Wire Co.*, 32 AD3d 1148, 1149 [2006]). While we defer to the Board's determination that a claim has been filed in a timely manner where such determination is supported by substantial evidence in the record (*see Matter of Tagliavento v Borg-Warner Auto*, 252 AD2d 753, 754 [1998]; *Matter of Silver v Cohen & Son*, 30 AD2d 908, 909 [1968], *lv denied* 22 NY2d 645 [1968]), claims for reimbursement made beyond the statutory time limitations are typically not permitted (*see Matter of Napolitano v Christen Realty*, 38 AD2d 647, 647 [1971]; *Matter of Kirik v Ford Motor Co.*, 27 AD2d 675, 675 [1967]; *Matter of Domash v Standard Coat, Apron & Linen Serv.*, 11 AD2d 575, 576-577 [1960], *affd* 9 NY2d 889 [1961]; *Matter of Lambright v St. Luke's Hosp.*, 3 AD2d 613, 614 [1956], *affd* 3 NY2d 832 [1957]). Moreover, even where, as here, the carrier claims to be unaware of the claimant's disability or death, thereby making a timely claim impossible (*see e.g. Matter of Domash v Standard Coat, Apron & Linen Serv.*, 11 AD2d at 576), any resulting hardship derived from the carrier's lack of direct knowledge is considered "the

result of a risk incidental to its business" (*Matter of Lambright v St. Luke's Hosp.*, 3 AD2d at 614).

Here, the Board found that claimant's June 1999 claim constituted a claim for compensation that complied with the two-year statute of limitations applicable to claims for workers' compensation benefits (*see* Workers' Compensation Law § 28). However, after conceding that such filing date would render the carrier's June 2001 claim under Workers' Compensation Law § 15 (8) untimely, the Board found that, because its own "oversight" in not acting on the June 1999 claim deprived the carrier of notice of the claim until May 2001, an extension of the statutory time limits was warranted to alleviate any undue burden placed on the carrier (*see Matter of Turner v Colgate Contr.*, 9 AD2d 816, 816 [1959]). We disagree, however, and find that the Board's application of one filing date to claimant's claim for benefits to satisfy Workers' Compensation Law § 28 and its application of another filing date of such claim to satisfy Workers' Compensation Law § 15 (8) (f) was arbitrary and capricious and in contravention of previous decisions wherein the Board has denied similarly late claims (*see e.g. Matter of Gass v Onondaga Beverage Corp.*, 79 AD2d 779, 779 [1980]; *Matter of Hengel v Frederici & Sons*, 3 AD2d 885, 886 [1957], *affd* 4 NY2d 176 [1958]; *Matter of Lambright v St. Luke's Hosp.*, 3 AD2d at 613).

Spain, J.P., Lahtinen, Kane and Stein, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.