■ In the Matter of the Claim of KAREN CASSATA, Claimant, v GENERAL MOTORS POWERTRAIN et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [897 NYS2d 308]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed August 6, 2008, which ruled that the self-insured employer was not entitled to reimbursement by the Special Funds Conservation Committee.

Claimant sustained injury to her neck in the course of her employment on September 14, 1998 and her case was indexed and her claim for workers' compensation benefits was filed on November 22, 2000. At a May 2005 hearing, the Special Funds Conservation Committee pointed out that the self-insured employer had never filed with the Workers' Compensation Board a claim for reimbursement from the Special Funds (form C-250) as required by Workers' Compensation Law § 15 (8) (f), and the Board confirmed that no such form could be located in its file for claimant. In a decision dated May 11, 2005, a Workers'

Compensation Law Judge classified claimant as permanently partially disabled, and directed the employer to locate any evidence of a timely filed form C-250. On February 5, 2007, the employer filed with the Board a form C-250 bearing the date "November 30, 2000," which it argued had been timely filed, but must have been misplaced by the Board. The Special Funds argued that no form C-250 was filed until that untimely 2007 filing.

The record contains a 2001 Special Funds pretrial conference worksheet, signed by representatives of the Special Funds and the employer, in which the box was checked that "[Workers' Compensation Law §] 15.8 applies" and, in the box for "C-250 received date," the date "11/30/00" is handwritten. The employer argued that this pretrial worksheet proved that the form C-250 was filed in 2000, prompting that pretrial conference in January 2001. The Special Funds argued, however, that this document did not establish the employer's timely filing of a form C-250 with the Board and that, while it had agreed in 2001 (later withdrawn) to the applicability of Workers' Compensation Law § 15 (8), it had not waived the timely filing requirement. The Workers' Compensation Law Judge found that the form C-250, filed in 2007, was untimely and, thus, the employer is not entitled to reimbursement from the Special Funds, which it discharged. The Board affirmed. Claimant now appeals.

As an incentive to hire permanently disabled workers, an employer or its workers' compensation carrier may be reimbursed from the Special Funds under Workers' Compensation Law § 15 (8), the "Second Injury Law," for all awards of compensation and medical expenses for an employee's permanent disability or death, after it pays such benefits for a specified number of weeks, provided that certain criteria are satisfied, including that the employee had a preexisting permanent physical impairment and sustains a new compensable injury (see Workers' Compensation Law § 15 [8]; see also Matter of Li v Southern Garden, Inc., 69 AD3d 1175, 1177 [2010]). "A prerequisite to reimbursement, however, is the filing of a timely claim with the Board" (Matter of Guarascio v Spargo Wire Co., 32 AD3d 1148, 1149 [2006] [emphasis added]) on a form prescribed by the Board's chair, here, form C-250 (see 12 NYCRR 300.5 [e]; see also Matter of Hernandez v Taco Bell, Inc., 52 AD3d 891, 892 [2008]).

Under Workers' Compensation Law § 15 (8) (f), an employer must file form C-250 "prior to the final determination that the resulting disability is permanent, but in no case more than [104] weeks after the date of disability or death or [52] weeks

after the date that a claim for compensation is filed with the chair, whichever is later" (*see Matter of Guarascio v Spargo Wire Co.*, 32 AD3d at 1149). Thus, the very latest conceivable date that the employer could have filed a form C-250 with the Board was November 22, 2002, i.e., 104 weeks after claimant first lost time at work due to the 1998 accident. Under settled law, the issue of whether and when a form C-250 was filed with the Board is a factual one that the Board is entitled to resolve, and its decision will be upheld if supported by substantial evidence (*see Matter of Tagliavento v Borg-Warner Auto*, 252 AD2d 753, 753-754 [1998]; *Matter of Allen v Bausch & Lomb*, 130 AD2d 802, 803 [1987]; *Matter of Kearsch v Town of Hempstead*, 98 AD2d 893, 894 [1983]; *Matter of Logiudice v Dic Underhill & Palmieri*, 72 AD2d 657, 658 [1979]).

It is undisputed that the Board's file did not contain a form C-250 in 2005, when a finding of permanency was made. No documentation exists in the record to establish that the form C-250 bearing a 2000 date was sent to the Board until 2007, and the Board concluded that the employer "failed to produce any evidence of timely filing of its C-250 with the Board." The pretrial conference worksheet did not establish receipt *by the Board*, and a handwritten note on it ("timely?") supports the conclusion that the timeliness of filing with the Board was unresolved. The Special Funds did not waive its right to assert this defense, and the fact that it was on notice or was not prejudiced does not excuse the employer's failure to timely file with the Board (*see Matter of Hernandez v Taco Bell, Inc.*, 52 AD3d at 892-893). As the Board's decision that the form C-250 was not timely filed, implicitly rejecting the employer's contention that it had been timely filed but misplaced, is based upon substantial evidence, it will be affirmed, notwithstanding that the evidence would also have supported the contrary conclusion of timely filing (*see Matter of Kearsch v Town of Hempstead*, 98 AD2d at 894).

Peters, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.