■ In the Matter of the Claim of MARK HAMMOND, Respondent, v DUTCHESS BUILDING SPECIALISTS et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [921 NYS2d 387]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed January 25, 2010, which ruled that the application by the employer and its workers' compensation carrier for reimbursement from the Special Disability Fund was untimely.

Claimant sustained injuries to his neck and right knee on

---

October 2, 2006 in the course of his employment as a carpenter. He first sought medical attention on October 4, 2006 and, days later, his treating physician contacted the employer's workers' compensation carrier to request permission to perform an MRI on claimant's right knee. Claimant stopped working on October 17, 2006, following which he filed a claim for workers' compensation benefits. In a decision rendered in July 2007, as relevant here, claimant was awarded benefits for various periods beginning October 17, 2006. However, benefits for the period from April 10, 2007 to May 17, 2007 were held in abeyance. Also in that decision, a previous workers' compensation claim, establishing an injury to claimant's left knee as the result of an accident on March 21, 2006, was reopened to travel with the October 2006 claim. On October 1, 2008, the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) filed a claim for reimbursement from the Special Disability Fund (form C-250), pursuant to Workers' Compensation Law § 15 (8), citing, among other things, claimant's prior workers' compensation claim as a preexisting disability. After the Fund contested the application, the Workers' Compensation Board ultimately ruled that it was untimely. The employer now appeals.

We affirm. For an employer's form C-250 to be timely, it must be filed "prior to the final determination that the resulting disability is permanent, but in no case more than [104] weeks after the date of disability or death or [52] weeks after the date that a claim for compensation is filed with the chair, whichever is later" (Workers' Compensation Law § 15 [8] [f]; *see Matter of Krotman v Berke, Berke & Grill*, 53 AD3d 812, 813 [2008]). Initially, the employer contends that its October 1, 2008 filing was timely, inasmuch as it was within 104 weeks of October 17, 2006, the date upon which claimant first began to miss work as a result of his injuries and the payment of workers' compensation benefits commenced. However, disability for the purposes of Workers' Compensation Law § 15 (8) (f) does not necessarily require the cessation of work, but can be found to begin on the date of injury (*see Matter of Hengel v Federici & Sons*, 4 NY2d 176, 177-178 [1958]; *Matter of Napolitano v Christen Realty*, 38 AD2d 647 [1971]; *see generally Matter of Roland v Sunmark Indus.*, 127 AD2d 894, 895 [1987]). Here, in concluding that the form C-250 was untimely, the Board relied on the date of the accident, October 2, 2006, as the date of disability. We find no basis to disturb the Board's determination, as the record reflects that all the medical records and forms filed, including the C-2 form filed by the employer on the day after the accident, refer to that date (*see Matter of Hengel v Federici & Sons*, 4 NY2d at

178). Contrary to the employer's contention, *Matter of Cassata v General Motors Powertrain* (71 AD3d 1342 [2010]) does not control. The determinative issue in that case was whether the form C-250 was filed, and our hypothetical discussion as to the latest conceivable date for filing was not the point upon which our holding turned.

We must also reject the employer's contention that its application was timely because claimant's case was closed and later reopened. Indeed, Workers' Compensation Law § 15 (8) (f) further provides that, irrespective of whether the time frames above have been met, the filing of an application is timely if, in the event of the reopening of a case previously closed, it is filed "no later than the determination of permanency upon such reopening" (*see Matter of Somers v Demco*, 8 NY3d 831, 832-833 [2007]; *Matter of Stokes v Valeo Elec. Sys., Inc.*, 44 AD3d 1223, 1224-1225 [2007], *lv denied* 10 NY3d 714 [2008]). However, whether a case has been truly closed is a factual determination to be made by the Board, the determination of which depends upon whether further proceedings were contemplated at the time of the purported closing, and its decision in that regard will not be disturbed if supported by substantial evidence (*see Matter of Bush v Montgomery Ward*, 73 AD3d 1313, 1313 [2010]; *Matter of Cook v Olsten Staffing*, 30 AD3d 876, 877 [2006]; *Matter of Lane v Tompkins County Sheriff's Dept.*, 117 AD2d 861 [1986]). Here, at the hearing held on June 28, 2007, a decision on benefits for the period from April 10, 2007 to May 17, 2007 was held in abeyance. Notwithstanding the fact that subsequent decisions in August 2007 and November 2008 stated that no further action was planned, the status of those benefits remained unresolved and, thus, substantial evidence supports the Board's determination that the case was never truly closed (*see Matter of Hartwell v Amphenol Interconnect Prods.*, 51 AD3d 1245, 1247 [2008]; *Matter of Granberry v JCCA Edenwald, Inc.*, 33 AD3d 1102, 1103 [2006]; *Matter of Hirschhorn v L & N Fruit & Produce*, 43 AD2d 1007, 1007 [1974]).

Mercure, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.