■ In the Matter of the Claim of JOSEPH ANTICOLA, Respondent, v TOPS MARKETS et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [986 NYS2d 883]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed March 1, 2013, which ruled, among other things, that claimant's case was not truly closed for the purpose of shifting liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant established a work-related injury to his lower back and, in December 2000, began to receive workers' compensation benefits from the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer). Claimant continued to receive benefits for intermittent lost time resulting from his injury, which included, as relevant to this appeal, a May 2006 finding by a Workers' Compensation Law Judge (hereinafter WCLJ) that claimant was temporarily partially disabled beginning February 6, 2006. However, a subsequent decision by the Workers' Compensation Board rescinded all awards after February 6, 2006 pending further development of the record. Thereafter, an August 28, 2007 WCLJ decision held in abeyance any awards for the period between February 6, 2006 and October 28, 2006. A subsequent WCLJ decision, rendered August 14, 2008, failed to address the period held in abeyance but, as relevant here, awarded claimant benefits for a temporary total disability between January 21, 2008 and April 1, 2008 and stated that no further action was planned by the Board.

In August 2011, at a hearing instigated by the employer's objection to certain treatments, the issue of the transfer of liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a was first raised. The WCLJ, noting that there was still a period in 2006 for which benefits were being held in abeyance, found that a transfer of liability

was premature, but placed the Special Fund on notice. Thereafter, in January 2012, the employer submitted a request for further action, citing the fact that it had new documentation regarding the period held in abeyance, namely, a letter from claimant's counsel stating that the relevant period could be marked for no compensable lost time. The employer requested that the Board either address the issue through an administrative decision or schedule a hearing. Accordingly, a hearing was scheduled for February 2012, after which a WCLJ decision found no compensable lost time for the period between February 2006 and October 2006. That decision also awarded claimant benefits for the period between January 23, 2012 and February 14, 2012, as he had again lost time as the result of his work-related injury.

The employer again sought further action in March 2012, seeking to shift liability to the Special Fund. Finding that there was never a true closure in the case, a WCLJ again found transfer of liability to the Special Fund to be premature. On appeal, the Board determined that, because awards for the period in 2006 had been held in abeyance and resolution of that issue was not affected until February 2013—after claimant had again started to lose compensable time—the case had never truly been closed. Accordingly, the Board affirmed the WCLJ's finding that Workers' Compensation Law § 25-a liability was premature. The employer now appeals.

We affirm. Liability for compensation shifts to the Special Fund when an application to reopen a case is made after a lapse of seven years from the date of the injury and three years from the date of the last payment of compensation, upon a showing that the case has been " 'truly closed' " (*Matter of Porter v New York State Elec. & Gas Corp.*, 113 AD3d 987, 988 [2014], quoting *Matter of Mucci v New York State Dept. of Corr.*, 98 AD3d 1223, 1223 [2012]; see Workers' Compensation Law § 25-a [1]). Whether a case has been truly closed is a factual question to be resolved by the Board based primarily upon its determination as to whether further proceedings were contemplated (*see Matter of Mucci v New York State Dept. of Corr.*, 98 AD3d at 1223-1224; *Matter of Hosey v Central N.Y. DDSO*, 91 AD3d 993, 994 [2012]). Such decision of the Board will not be disturbed when supported by substantial evidence (*see Matter of Porter v New York State Elec. & Gas Corp.*, 113 AD3d at 988; *Matter of Nanni v Source Corp.*, 98 AD3d 1225, 1226 [2012]). Notably, cases in which the payment of compensation has been held in abeyance pending the presentment of further medical evidence have been held to have not been truly closed (*see Matter of Hammond v Dutchess Bldg. Specialists*, 83 AD3d 1276, 1278 [2011]; *Matter*

*of Granberry v JCCA Edenwald, Inc.*, 33 AD3d 1102, 1103 [2006]).

Here, the employer contends that the claim was truly closed by the WCLJ decision filed on August 14, 2008. However, this contention ignores the fact that, pursuant to the August 28, 2007 WCLJ decision, compensation for the period between February 2006 and October 2006 had been held in abeyance and was, as of yet, unresolved. Although the employer further argues that the case should have been considered truly closed because no further evidence was submitted regarding the periods held in abeyance, that contention is belied by the fact that the employer itself affirmatively addressed the issue in January 2012, evincing the fact that said compensation was still at issue. Accordingly, we find that substantial evidence supports the Board's decision that the case was never truly closed and, thus, transfer of liability to the Special Fund would have been premature (*see Matter of Hammond v Dutchess Bldg. Specialists*, 83 AD3d at 1278; *see generally Matter of Hartwell v Amphenol Interconnect Prods.*, 51 AD3d 1245, 1247 [2008]). We have examined the employer's remaining contentions and find them to be without merit.

Peters, P.J., Garry and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.